The STATE of Ohio, Appellee,

v.

BOLLINGER, Appellant.

[Cite as *State v. Bollinger* (1991), 73 Ohio App.3d 845.]

Court of Appeals of Ohio,
Hardin County.

Nos. 6–90–17, 6–90–18.

Decided July 10, 1991.

*William D. Hart,* Assistant Prosecuting Attorney, for appellee.

*Keith A. Lange,* for appellant.

SHAW, Judge.

Defendant-appellant, Ramona Bollinger, appeals the decision of the Hardin County Municipal Court, which overruled her motion to suppress the results of a breathalyzer examination.

The record reveals that, on December 3, 1989, defendant was driving in the city of Kenton. An officer noticed that the vehicle's license plate had expired. Then, the officer stopped defendant. When the officer began to question the defendant, he noticed an odor of alcohol on her breath and that her eyes were bloodshot. Also, defendant admitted to having had two or three beers. After further questioning defendant and conducting several field sobriety tests, the officer decided to arrest the defendant.

When defendant arrived at the Kenton Police Department, the officers gave her a breathalyzer test. Thereafter, defendant was charged with operating a motor vehicle with the unauthorized plates in violation of R.C. 4549.08(A) and with operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(3). Defendant entered a plea of not guilty to both charges on December 6, 1989.

On January 31, 1990, defendant moved to suppress the results of the breathalyzer examination on the ground that the Department of Health's regulation regarding the radio frequency interference survey ("RFI") had not been complied with prior to defendant's examination. The Department of Health's regulation requires that an RFI survey be conducted for the type of breathalyzer which was used in this matter to ensure that radio interference does not distort the breathalyzer results.

Following the hearing on the matter, the trial court overruled defendant's motion to suppress. Then, on October 9, 1990, defendant entered a no contest plea and the trial court sentenced her. Thereafter, defendant filed the instant appeal, asserting one assignment of error:

"The trial court erred in denying the defendant's motion to suppress the results of the breathalyzer test for the reason that the state failed to prove compliance with the Department of Health regulations regarding the radio frequency surveys prior to appellant's test."

Defendant contends that because the breathalyzer machine is moved onto a shelf when not in use by the Kenton Police Department, the machine's "spatial placement or axis" is changed and a new RFI survey should have been conducted just prior to defendant's examination. The state contends that the accuracy is not distorted by moving the machine to a shelf because: (1) the machine is always *operating* in the same spot for the test, and (2) it is always turned off when it is moved so that the machine doesn't register a different "spatial placement or axis" when it is operating.

According to R.C. 4511.19(B), the analysis of a breath sample must be conducted " * * * in accordance with methods approved by the director of health * * *." The Department of Health's regulation states that a new survey must be conducted when "a breath testing instrument's spatial placement or axis is changed from that designated in the most recent survey form." See Ohio Adm.Code 3701:53–02.

The Ohio Supreme Court held, in *State v. Plummer* (1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902, that, absent a demonstration of prejudice to a defendant, a showing of "substantial compliance" with the Department of Health's regulations governing alcohol testing is sufficient to render the results of such tests admissible. The court, realizing that the code section had not been strictly complied with, reasoned that " * * * strict compliance is not always realistically or humanly possible * * *," adding that " * * * there is leeway for substantial, though not literal, compliance with such regulations." *Id.* at 294, 22 OBR at 464, 490 N.E.2d at 905.

Defendant and the state introduced conflicting evidence as to whether the machine's "spatial placement or axis" changes, *pursuant to the regulation,* when the machine is moved onto a shelf when not in use. There was

testimony that the last RFI survey was conducted in compliance with the regulations. There also was testimony that, at the time the breathalyzer test was given to defendant, the machine was located in the same spot as where the last RFI survey was conducted. The implications raised by defendant that the spatial placement or axis changed with the movement of the breathalyzer machine go to the weight, rather than the admissibility, of the test results. We note in this regard that defendant has failed to allege any actual effect upon her test or any other prejudice resulting from the movement of the breathalyzer machine.

Based upon the foregoing, we conclude that, absent any evidence whatsoever that the breathalyzer machine's spatial placement actually differed at the time the test was given to defendant from that designated in the last survey, the Department of Health's regulation has been substantially complied with. See *State v. Steele* (1977), 52 Ohio St.2d 187, 6 O.O.3d 418, 370 N.E.2d 740.

We are fully aware of *State v. Young* (Apr. 11, 1991), Delaware App. No. 90–CA–40, unreported, 1991 WL 57176, where the results of the breathalyzer were excluded because the machine had been moved from its original position for repairs. However, in *Young, supra,* the defendant was tested after an amendment to the Ohio Adm.Code 3701:53–02 became effective. Such amendment reads as follows:

"(C) * * * RFI surveys conducted before the effective date of this amendment in accordance with this rule as it existed when the surveys were conducted shall remain valid until an event that would require a new RFI survey under paragraph (C)(2) of this rule occurs.

" * * *

"(2) A new RFI survey shall be conducted when:

"(a) The location of the breath testing instrument, when used for testing, is moved more than one foot in any direction[.]"

Clearly, the amendment is more specific than the former statute. However, we expressly decline any comment as to the interpretation placed upon the language of this amendment by the court of appeals in *Young, supra.* The amendment specifically states that surveys done prior to the amendment must comply with only the former version of the statute. As we noted above, there was evidence of substantial compliance with the former version of the statute.

Thus, we find that the trial court did not err in overruling defendant's motion to suppress. The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.