**VILLAGE OF JACKSON CENTER, Appellant,**

**v.**

**UPPENKAMP, Appellee.**

[Cite as *Jackson Ctr. v. Uppenkamp* (1992), 79 Ohio App.3d 621.]

Court of Appeals of Ohio,
Shelby County.

No. 17-91-27.

Decided June 23, 1992.

*Tonya Thieman,* City Prosecutor, for appellant.
*W. Lynn Swinger,* for appellee.

THOMAS F. BRYANT, Judge.

This is a state's appeal pursuant to Crim.R. 12(J) taken from the judgment of the Sidney Municipal Court suppressing an intoxilyzer test result.

Defendant-appellee Thomas J. Uppenkamp was charged with violation of R.C. 4511.19(A)(3), operating a motor vehicle with a prohibited blood-alcohol content.

Sometime after a radio frequency interference ("RFI") survey was completed at its testing location in Sidney, the breath testing machine in question was removed from that location and taken to Columbus, Ohio for repair. After repair, the machine was returned to Sidney and replaced in its original testing location, but no new RFI survey was conducted. Thereafter, that machine was used to test Uppenkamp's blood-alcohol content. The result of that test was suppressed by the municipal court upon defense motion.

The state assigns error of the municipal court as follows:

"The trial court erred in ruling that OAC 3701–53–02(C)(2) had not been complied with and consequently suppressed the introduction into evidence of the test results."

Ohio Adm.Code 3701–53–02(C)(2) provides in part:

"(2) A new RFI survey shall be conducted when:

"(a) the location of the breath testing instrument, when used for testing, is moved more than one foot in any direction;

"(b) the instrument's axis is changed;

" * * *

"(e) any electronic component of the instrument is changed, other than replacement of parts with original equipment replacement parts or factory authorized replacement parts meeting the same specifications as the original equipment parts;

"(f) a new breath testing instrument is placed into service."

Based on its interpretation of the foregoing regulation, the municipal court held:

"The machine was certainly moved more than one foot during its travels from Sidney to Columbus and back to Sidney again. As such, the plain meaning of the regulation cited above requires a new RFI survey. Regulations pertaining to criminal cases are to be strictly construed against the State of Ohio in favor of the defendant. The court finds that the results [*sic*] in this particular case makes little sense. If a proper RFI survey was conducted and the breath testing machine was moved but returned to its original location, it is difficult to understand why a new survey would be required. However, that is the plain reading of the regulation.

"On authority of *State v. Young* [Apr. 11, 1991], case # 90–CA–40 [1991 WL 57176], Court of Appeals, Delaware County, Fifth Appellate District, the Court grants defendant's motion to suppress."

At the time of decision, the trial court apparently was not afforded the benefit of our decision in *State v. Bollinger* (1991), 73 Ohio App.3d 845, 598 N.E.2d 829, in which we held, at 848, 598 N.E.2d at 831:

" * * * [A]bsent any evidence whatsoever that the breathalyzer machine's spatial placement actually differed at the time the test was given to defendant from that designated in the last survey, the Department of Health's regulation has been substantially complied with. See *State v. Steele* (1977), 52 Ohio St.2d 187, 6 O.O.3d 418, 370 N.E.2d 740."

In the case before us no issues of fact were presented to the trial court concerning the removal from and replacement of the testing instrument exactly in its original location on the same spatial axis for which an RFI survey was previously completed. No issue has been made of the nature of the repairs made or of the replacement parts, if any, used in those repairs. Thus, the precise issue before us is that which this court considered in *State v. Davidson* (Apr. 21, 1992), Union App. No. 14–91–36, unreported, 1992 WL 81429, in which we held:

"[T]he requirement of Ohio Department of Health regulation 3701–53–02 initially and as amended is properly focused on *the location* of the machine as it is to be used for BAC testing, and that therefore Ohio Department of Health regulation 3701–53–02(C)(2)(a) and (e) must be interpreted to require a new RFI survey only when the *testing location* is moved." (Emphasis added.)

Nearly contemporaneously, in *State v. Yoder* (Apr. 17, 1992), Union App. Nos. 14–91–31, 14–91–32 and 14–91–33, unreported, 1992 WL 82518, we expressly rejected the reasoning and holding of *State v. Young* (Apr. 11,

1991), Delaware App. No. 90–CA–40, unreported, 1991 WL 57176, relied upon by the Sidney Municipal Court as authority for its judgment here on review. See, also, *State v. Davidson, supra.*

Thus, the trial court's reliance upon *State v. Young, supra,* as authority, was misplaced and hence its judgment was erroneous and prejudicial to the appellant.

The assignment of error is sustained.

The judgment of the Sidney Municipal Court is reversed and this cause is remanded to that court for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

EVANS and SHAW, JJ., concur.