DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Margaret Wooley appeals from her conviction in the Wadsworth Municipal Court on one count of driving with a prohibited breath alcohol concentration, in violation of R.C.4511.19(A)(3). We affirm.
At approximately 4:00 a.m. on February 15, 1998, Trooper Sheppard of the Ohio State Highway Patrol was on routine patrol, traveling eastbound on Interstate 76 in Medina County, Ohio. As he was neared the State Route 261 exit, he observed a Ford Explorer traveling eastbound on the interstate that was weaving within the right lane. Trooper Sheppard closed on the vehicle. After getting closer, he observed the vehicle cross the right berm line by about one foot. This occurred three times within the space of approximately one and one-quarter miles. At that time, Trooper Sheppard executed a traffic stop.
Trooper Sheppard approached the vehicle and addressed the driver, Wooley. As he spoke with her, he noticed an odor of alcohol. While Wooley was seated in the vehicle, he administered a field sobriety test, which she failed. He then asked if she had consumed any alcohol; she replied that she had a couple of beers. Trooper Sheppard then had her exit the vehicle and perform a battery of field sobriety tests. The results of these tests indicated to Trooper Sheppard that Wooley was intoxicated. He then told her that she was under arrest. Wooley asked to be able to place some equipment from the back seat of the vehicle in the rear compartment, and he helped her do this. After the equipment was moved, Wooley either stood by or sat in the cruiser while he secured her vehicle. Trooper Sheppard then drove to the Rittman Police Department to use the department's breath alcohol test machine. While en route to the police station, Trooper Sheppard radioed ahead to notify the department that he was coming. The radio call was made at 4:25 a.m.
At the police station, Trooper Sheppard administered a breath alcohol test to Wooley at 4:44 a.m. The result of the test was 0.12, in excess of the legal limit of 0.10.
Wooley was charged with driving under the influence of alcohol, in violation of R.C. 451.19(A)(1), one count of driving with a prohibited breath alcohol concentration, in violation of R.C. 4511.19(A)(3), one count of failure to drive within marked lanes, in violation of R.C. 4511.33, and one count of failure to wear a seat belt, in violation of R.C. 4513.263(B)(1). Wooley pleaded not guilty to the charges. Wooley moved to suppress evidence from the traffic stop and the breath test. On April 27, 1998, a hearing was held in the Wadsworth Municipal Court on Wooley's motion to suppress. Trooper Sheppard was the only witness. After hearing the testimony and arguments of counsel, the trial court denied the motion. On September 16, 1998, Wooley pleaded no contest to the charge of driving with a prohibited breath alcohol concentration, and the remaining charges were dismissed. The trial court found her guilty and sentenced her accordingly. Wooley appeals, assigning one error.
Wooley's assignment of error states:
 The Trial Court erred in not suppressing the results of a test given to Defendant-Appellant to determine her breath alcohol content since:
 A. the manifest weight of the evidence revealed that the arresting officer had no articulable or reasonable suspicion upon which to stop Defendant-Appellant; and
 the manifest weight of the evidence revealed that the State did not comply with the Ohio Department of Health Regulations when administering said test by not complying with the twenty (20) minute observation period.
In part "A" of her assignment of error, Wooley argues that the initial traffic stop was improper. Prior to executing the traffic stop, Trooper Sheppard observed Wooley cross the right line marking the lane boundary by about a foot three different times within the space of just over one mile. Wooley contends that Trooper Sheppard lacked a reasonable suspicion that would support the stop because her traffic infraction was a minor violation of the law.
In reviewing the videotape of the suppression hearing,[1]
we find that her argument is without merit. At the conclusion of the suppression hearing, Wooley conceded that Trooper Sheppard had a reasonable suspicion of criminal activity that justified the traffic stop. She cannot now argue that the stop was improper. Part "A" of the assignment of error is not well taken.
In part "B" of her assignment of error, Wooley argues that the results of the breath test administered by Trooper Sheppard should have been suppressed because it failed to comply with the applicable Department of Health regulations. Wooley argues that Trooper Sheppard did not observe her for twenty minutes prior to administering the alcohol breath test to her.
Alcoholic concentration tests are admissible upon a showing of substantial compliance with the regulations of the Ohio Department of Health. Defiance v. Kretz (1991), 60 Ohio St.3d 1,3. Once substantial compliance has been demonstrated, the defendant must show that she would be prejudiced by anything less than strict technical compliance. State v. Plummer (1986),22 Ohio St.3d 292, syllabus.
The evidence adduced at the suppression hearing demonstrates that there was substantial compliance. Trooper Sheppard testified that Wooley was not within his sight while he secured her vehicle. He also could not recall whether she was in his cruiser or standing near it while he secured her vehicle. Between the time that Trooper Sheppard radioed the Rittman Police Department at 4:25 a.m. until the breath test was administered at 4:44 a.m., Trooper Sheppard had Wooley under continuous observation. Wooley contends that those nineteen minutes are not enough to substantially comply with the twenty-minute requirement. However, Trooper Sheppard testified that he radioed the Rittman Police Department while en route to the police station. Therefore, Trooper Sheppard was able to observe Wooley between the time that he returned to his cruiser (and possibly placed Wooley in the cruiser as well) and the time he made the radio call. We find that this period in excess of nineteen minutes substantially complies with the required observation period.
Wooley has also failed to show that she would be prejudiced by anything less than absolute adherence to the twenty minute requirement. She has not claimed that she actually ingested any substance that would somehow have affected the result of the breath test. The assertion of the hypothetical possibility that a substance might have been ingested is insufficient to demonstrate prejudice. See State v. Koenig (Feb. 9, 1999), Medina App. No. 2815-M, unreported, at 4. Part "B" of Wooley's assignment of error is not well taken.
Wooley's sole assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Wadsworth Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ______________________________ WILLIAM R. BAIRD, FOR THE COURT
SLABY, J.
CARR, J., CONCUR
[1] We also note that Wooley failed to append to her brief a written transcription of the parts of the videotape necessary for our review of the issues, as required by App.R. 9(A) and Loc.R. 5(A)(2)(b).