The STATE of Ohio, Appellee,

v.

CHASE, Appellant.

[Cite as *State v. Chase* (1991), 74 Ohio App.3d 15.]

Court of Appeals of Ohio,
Wayne County.

No. 2607.

Decided May 8, 1991.

*Christopher Greene*, Assistant Prosecuting Attorney, for appellee.

*William G. Rickett*, for appellant.

---

REECE, Judge.

Thomas R. Chase appeals his conviction, upon a plea of no contest, for having a urine-alcohol content in excess of .14 grams by weight of alcohol per one hundred milliliters of urine, in violation of R.C. 4511.19(A)(4). Prior to entering the plea, Chase moved the trial court to suppress the results of the

urine test for alleged improprieties in collection and preservation of the sample. The motion was denied following a hearing in open court before the trial judge. Because we agree with the trial court's determination of substantial compliance with applicable procedures, and find no prejudice to Chase, we affirm.

Trooper James Drake of the Wooster Post, Ohio State Highway Patrol, stopped Chase at 5:33 a.m. on State Route 57 in Wayne County, Ohio for a speeding offense. During the stop, Trooper Drake placed Chase under arrest for operating a motor vehicle while under the influence of alcohol and transported him to the post.

Chase provided a urine sample for testing at 7:10 a.m. in the presence of Trooper Drake. The trooper took the sample, sealed the vial with a screw-on lid, affixed an identifying label, sealed the vial in a plastic bag, placed the bag into a box and sealed the box with evidence tape. He testified that he personally placed this package in a United States Postal Service mailbox at approximately 9:00 a.m.

Trooper Robert Gochoel, a forensic scientist, testified that the testing laboratory in Columbus received the package at 10:29 a.m. on July 31. He personally tested Chase's sample later that day. The testing, completed at 4:03 p.m., revealed an alcohol concentration of .192 grams by weight of alcohol per one hundred milliliters of urine. The state formally charged Chase with violation of R.C. 4511.19(A)(4) on October 30, 1990. The suppression hearing was held the same day.

Trooper Drake testified that he personally observed Chase provide the urine sample into a plastic tube containing a sodium fluoride-thymol tablet, as prescribed by Ohio Adm.Code 3701–53–05(D). He stated that he sealed the tube with a screw-on cap, then attached a gummed identifying label to the tube. He did not seal the tube itself with the gummed label or any tape pursuant to Ohio Adm.Code 3701–53–05(E), but proceeded to seal the tube in a plastic bag, place the bag in a box, and seal the box with evidence tape. Trooper Gochoel testified that the package arrived in Columbus still sealed with evidence tape, and that there was no indication that the plastic tube had leaked during transit. Trooper Drake did not refrigerate Chase's sample between the 7:10 a.m. time of collection and the 9:00 a.m. mailing, as is contemplated by Ohio Adm.Code 3701–53–05(F).

Chase challenged admission of the test result on grounds that collection was not properly witnessed, and that the sample was not properly sealed or stored. In its ruling issued on October 31, 1990, the trial court denied Chase's motion,

finding that the methods employed by Trooper Drake substantially complied with the requirements of the administrative code, based upon the holding in *State v. Plummer* (1986), 22 Ohio St.3d 292, 22 OBR 461, 490 N.E.2d 902. Chase thereafter entered a plea of no contest upon which the court found him guilty. Chase appeals, asserting a single assignment of error.

### Assignment of Error

"The trial court erred, as a matter of law, by refusing to grant appellant's motion to suppress the results of his urine/alcohol test even though appellant was able to demonstrate that there was not substantial compliance with Ohio Administrative Code Regulations and the lack of that substantial compliance was prejudicial to him."

In *Plummer, supra,* syllabus, the court held that "[a]bsent a showing of prejudice to a defendant, the results of a urine-alcohol test administered in substantial compliance with Ohio Adm.Code 3701–53–05 are admissible in a prosecution under R.C. 4511.19." In that case, the urine sample was taken at 3:05 a.m., not refrigerated, and placed in the mail at 4:30 a.m. It arrived at the Columbus laboratory two days later at 8:34 a.m., was not refrigerated, and was not tested until "around lunch time." *Plummer, supra,* 22 Ohio St.3d at 294, 22 OBR at 463, 490 N.E.2d at 905.

The court determined that there is leeway for substantial compliance with administrative regulations promulgated pursuant to R.C. 4511.19(B). *Id.* Thus, when a defendant fails to demonstrate prejudice resulting therefrom, the results of a urine-alcohol test administered in substantial compliance with Ohio Adm.Code 3701–53–05 are admissible in a prosecution under R.C. 4511.-19. *Id.* at 295, 22 OBR at 464, 490 N.E.2d at 905. The court found that the "storage temperature requirement of Ohio Adm.Code 3701–53–05 contemplates cases involving longer periods of specimen retention" than the total time of nonrefrigeration presented in that case. *Id.* The court further determined that the defendant had not alleged prejudice as a result of nonrefrigeration, and that the alleged failure to refrigerate the specimen would in any event inure to the benefit of the defendant because testing of the specimen would generally result in a lower alcohol content. *Id.* at 295, 22 OBR at 464, 490 N.E.2d at 905, fn. 2.

Applying this analysis to the facts *sub judice,* we agree with the trial court's determination that the results of the urinalysis were admissible because the testing procedure substantially complied with the requirements of Ohio Adm.Code 3701–53–05. Trooper Drake testified that he personally

witnessed Chase as he produced the specimen, in literal compliance with Ohio Adm.Code 3701–53–05(D). With regard to the refrigeration requirement, subsection (F), the record reveals that the specimen was placed in the mail less than two hours after its collection, and refrigerated upon its arrival in Columbus some twenty-five hours later. This exposure period being much less than that considered in *Plummer, supra,* and Chase having failed to allege any prejudice as a result of nonrefrigeration at the Wooster State Highway Patrol post, we find substantial compliance with Ohio Adm.Code 3701–53–05(F).

Finally, with regard to the sealing requirement of subsection (E), the state presented unrebutted testimony that the seal is to ensure that the contents of a vial are not tampered with prior to chemical testing. Trooper Drake testified that he personally took the vial from Chase, sealed it with a screw-on lid, labelled the vial with the information required, then sealed the vial in a plastic bag, placed it in a mailing box, then sealed the box with evidence tape. Trooper Gochoel testified that the package was received in Columbus with the evidence tape intact, and that none of the contents of the vial had leaked. Chase did not allege that the specimen had suffered from any tampering.

Although it would be better to seal the specimen vial as contemplated by Ohio Adm.Code 3701–53–05(E), we find that the state substantially complied with the administrative regulations, and that Chase has not demonstrated any resulting prejudice.

The assignment of error is not well taken. The judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and COOK, J., concur.