OPINION
Defendant-appellant, Edd S. Phelps, appeals his conviction in Clermont County Municipal Court for driving while under the influence of alcohol.
At approximately 4:10 a.m. on March 10, 1996, Trooper Tracey Callahan of the Ohio State Highway Patrol ("OHSP") stopped appellant for speeding on westbound State Route 32 and subsequently arrested him for driving while under the influence of alcohol.
At 5:05 a.m., Callahan obtained a urine sample from appellant which he then sealed, labeled and prepared for mailing to the OHSP's crime laboratory in Columbus. Callahan kept the sample in his possession while he completed paperwork associated with appellant's arrest. Callahan deposited the sample in the mail at approximately 6:00 a.m.
The trial court denied a motion to suppress the results of appellant's urinalysis test, whereupon appellant entered a plea of no contest, was found guilty and sentenced of record. As his sole assignment of error, appellant claims the trial court erred in overruling his motion to suppress the test results.
R.C. 4511.19(D) authorizes the use of urine specimens in DUI cases and provides that "* * * such bodily substances shall be analyzed in accordance with methods approved by the Director of Health * * *." Ohio Adm. Code 3701-53-05(F) states that: "While not in transit to a laboratory or under examination, all urine * * * specimens shall be refrigerated at a temperature of 42 degrees Fahrenheit or below."
Appellant contends that Callahan's failure to refrigerate the urine sample for the one-hour period during which he completed paperwork violates the requirements of R.C. 4511.19(D) and Ohio Adm. Code 3701-53-05(F) and requires a suppression of the test results. In support thereof, appellant relies on State v. Thurman (June 28, 1995), Montgomery App. No. 14741, unreported, in which the Second District Court of Appeals concluded that strict compliance with R.C. 4511.19(D) was required.
The supreme court has determined that urine tests must be administered in substantial compliance with Ohio Adm. Code3701-53-05. State v. Plummer (1986), 22 Ohio St.3d 292, 295. If the state demonstrates substantial compliance, the test results are admissible absent a showing of prejudice to the defendant. Id. In Plummer, the court concluded that a urine sample which remained unrefrigerated for one hour and twenty-five minutes prior to being mailed to a laboratory substantially complied with the requirements of Ohio Adm. Code 3701-53-05.
This court has previously followed the Plummer ruling in finding that the state substantially complied with applicable methods for the handling of urine samples. See, e.g., State v. Cook (1992), 82 Ohio App.3d 619 (substantial compliance exists where urine sample was unrefrigerated for a fifteen minute period from the time it was obtained to the time it was mailed); State v. Finley (Feb. 20, 1996), Warren App. No. CA95-05-041, -043, unreported (state substantially complied with statutory requirements where a blood sample was obtained at a hospital at 5:40 p.m. and given to a state trooper who mailed it to a laboratory later that evening).
Other than the one hour period during which the sample was unrefrigerated, there is no evidence that appellant's sample was improperly collected, handled or processed. On the basis of Plummer and our previous holdings, we accordingly conclude that there has been substantial compliance with Ohio Adm. Code3701-53-05(F) notwithstanding the time during which the sample was unrefrigerated. Appellant's assignment of error is without merit and is hereby overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.