OPINION
On March 14, 1996, defendant-appellant, George R. App, pled no contest to two counts of aggravated vehicular assault in violation of R.C. 2903.08, and one count of driving under the influence of alcohol ("DUI"), a violation of R.C.4511.19(A)(1). After accepting the plea, the Butler County Court of Common Pleas found appellant guilty. Appellant appeals his conviction on the basis that the trial court improperly overruled his motion in limine to suppress the results of a blood alcohol test. We affirm.
On February 2, 1995, appellant was driving northbound on River Road in Hamilton, Ohio. Appellant's vehicle went left of the center line and struck a vehicle containing three passengers in a head on collision. Appellant was seriously injured in the accident and was transported to the Fort Hamilton-Hughes Memorial Hospital. At the hospital, a doctor ordered a blood test, and a blood sample of appellant was taken by a certified medical assistant. Jewell Nisewonder, a medical technologist certified by the American Society of Clinical Pathologists, performed a gas chromatography test on appellant's blood sample and determined that appellant had .19 grams of alcohol per deciliter of blood.
Appellant made a motion in limine on June 27, 1995, seeking to exclude the hospital blood alcohol test results from being introduced as evidence. The trial court overruled the motion. Appellant then pled no contest and was convicted as described above. Appellant presents one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE [APPELLANT] IN OVERRULING HIS MOTION IN LIMINE.
Appellant argues that the blood alcohol test results should have been excluded as evidence because appellee did not substantially comply with Ohio Department of Health ("ODH") regulations. Absent prejudice to the defendant, if the state shows substantial compliance with ODH regulations, alcohol test results are admissible in a prosecution under R.C. 4511.19. State v. Snider (May 5, 1997), Warren App. No. CA96-10-102, unreported, following State v. Plummer (1986), 22 Ohio St.3d 292, 294. Appellant contends that the regulations were not complied with because: 1) the laboratory technician who operated the gas chromatography machine (Nisewonder) did not have a permit from the State of Ohio Director of Health; 2) the results of the test were improperly expressed; 3) the state failed to show that the gas chromatography machine was of the type specified by regulations; and 4) appellee failed to show that the machine was properly calibrated to perform the test. Each of appellant's arguments are addressed in the order that they have been presented.
 I
R.C. 4511.19(D)(1) and Ohio Adm. Code 3701-53-07(A) requires a licensed technician to analyze the blood samples. However, those who hold a permit from the Ohio Director of Health are not the only individuals capable of producing an accurate test result. Test results may be admissible even when the laboratory technician who analyzes a blood sample does not hold a valid permit from the Ohio Director of Health. State v. Dress (1982),10 Ohio App.3d 258; State v. Quinones (Feb. 14, 1996), Lorain App. No. 95CA006084, unreported. "[T]he fact that the hospital lab technician, though otherwise qualified, did not possess a testing permit issued by the director of health, goes only to the weight of the test result, not to its admissibility." Dress at 263.
In the present case, Nisewonder did not have a valid permit from the Ohio Director of Health at the time she tested appellant's blood. However, evidence was presented during the hearing on appellant's motion in limine disclosing that she holds a Bachelor of Science degree in Medical Technology from Miami University. She has passed proficiency tests, is certified by the American Society of Clinical Pathologists (A.S.C.P), and has been doing laboratory blood analysis work for three years. Appellant presented no evidence indicating that Nisewonder was otherwise unqualified to analyze blood or acted improperly in the testing procedures. Further, the test results were admitted as part of a prosecution for violation of R.C. 4511.19(A)(1), not to show a per se DUI violation under R.C. 4511.19(A)(2), (3) or (4). We find that the trial court did not abuse its discretion in overruling appellant's motion in limine even though Nisewonder did not possess a license from the Ohio Director of Health.
 II
Appellant next contends that the results of the blood test were improperly expressed. ODH regulations read as follows:
 Tests to determine the concentration of alcohol may be applied to blood, urine, breath or other bodily substances. Results shall be expressed as equivalent to:
 (1) Per cent by weight in blood (grams per one hundred milliliters of blood)[.]
Ohio Adm. Code 3701-53-01(A).
The test results of appellant's blood were expressed in grams per deciliter. We take judicial notice of the fact that one hundred milliliters equals one deciliter.[1] Therefore, a test result expressed in grams per deciliter is the same as a test result expressed in grams per one hundred milliliters. We find that the test results were in substantial compliance with Ohio Adm. Code 3701-53-01(A) even though they were expressed in grams per deciliter.
 III
Appellant next argues that appellee failed to show that the gas chromatography machine used to test his blood was of the type specified by ODH regulations. Ohio Adm. Code 3701-53-03 reads as follows:
 The following techniques or methods for determining the concentration of alcohol in blood, urine, and other bodily substances are approved: * * *
 (B) Gas chromatograph method, using a gas chromatograph which has satisfactory accuracy, precision, and sensitivity and a suitable column for direct injection or head-space gas chromatography for ethyl alcohol.
A plain reading of the regulation implies that a gas chromatography machine used to determine the concentration of alcohol in blood is approved by the ODH. Appellant presents no reason why the use of the hospital's gas chromatography machine does not substantially comply with Ohio Adm. Code 3701.53-03.
 IV
Finally, appellant argues that appellee failed to show that the gas chromatography machine was properly calibrated to perform the blood test. Ohio Adm. Code 3701-53-04(B) provides the requirements for the calibration of gas chromatographic instruments. Nisewonder testified at the motion in limine hearing that the gas chromatography machine was calibrated daily, and that tests were run as required by Ohio Adm. Code3701-53-04(B). Nisewonder also testified that a control test of a known sample was completed prior to the testing of appellant's blood sample. Appellant did not present any evidence that the machine was improperly calibrated. We find that appellant has not demonstrated that the machine did not substantially comply with Ohio Adm. Code 3701-53-04.
Accordingly, after having reviewed the record, we overrule appellant's assignment of error. We find that the trial court did not abuse its discretion in overruling appellant's motion in limine. Judgment affirmed.
POWELL, J., concurs.
WALSH, J., concurs in judgment only.
[1] One deciliter is one tenth of a liter. One milliliter is one one-thousandth of a liter.