This matter is before the court as an appeal from the Vermilion Municipal Court. That court convicted appellant of operating a motor vehicle with a prohibited level of alcohol after denying appellant's motion to suppress. The court rejected appellant's claim that the results of a breathalyser test should be suppressed because a temperature component in the instrument had not been calibrated annually. Pursuant to 6th Dist.Loc.App.R. 12(C), this appeal is hereby assigned to the accelerated calendar.
Shortly before midnight on June 4, 1999, appellant was driving his car on State Route 2 in Vermilion Township and struck a guardrail. A highway patrol officer was dispatched to the scene. Appellant claimed to have fallen asleep. The officer detected an odor of alcohol about appellant. Appellant did not perform well on several field sobriety tests.
The officer transported appellant to the Sandusky Highway Patrol Post to administer a breath test. On June 3, 1998, a senior operator had performed an instrument check on the BAC Datamaster instrument used to test breath alcohol levels at the Sandusky Post. The instrument check was performed according to procedures defined in Ohio Adm. Code 3701-53-04.
The results of appellant's breath test showed a blood alcohol concentration level of .138. Appellant was charged for violating R.C. 4511.19(A)(3) (operating a motor vehicle with a prohibited concentration of alcohol), R.C. 4511.19(A)(1) (operating a motor vehicle while under the influence of alcohol), and R.C. 4511.33 (failure to drive within marked lanes).
On June 11, 1998, appellant entered not guilty pleas to all three charges. On September 22, 1998, appellant filed a motion to suppress. Appellant argued that the breath test instrument was not maintained properly and challenged the instrument checks performed on June 3, and again seven days later, on June 10, 1998.
To perform an instrument check on the BAC Datamaster, the operator must use a simulator. The operator must heat a test solution to 34 + .2 degrees centigrade. Ohio Adm. Code 3701-53-04, appendix. Appellant established that the manufacturer of the simulator recommends that the calibration of an adjustable potentiometer used to adjust temperature to heat the test solution be checked annually. The potentiometer's calibration had not been checked for almost three years.
The simulator had a dial thermometer that measured temperature within .5 degrees, but not within the + .2 degrees centigrade margin of error required by Ohio Adm. Code 3701-53-04, appendix. However, the operators relied on a feature where a light would signal while the heating element was on. The light turned off when the temperature reached 34 degrees centigrade. According to one operator, this feature measured temperature within the + .2 degrees centigrade margin of error
On October 20, 1998, the trial court denied appellant's motion to suppress without findings. On November 19, 1998, appellant entered a plea of no contest to R.C. 4511.19(A)(3), and the other two counts were merged into that offense. Appellant was sentenced and fined.
Appellant has raised two assignments of errors, which will be addressed together. Appellant contends that because breathalyser operators rely on a simulator's temperature light, where the device regulating temperature has not been checked for accuracy annually according to manufacturer's specifications, his BAC Datamaster test was not performed in substantial compliance with breath testing regulations. Appellant claims the results of his breath test must be suppressed. We disagree.
R.C. 4511.19(D) permits courts to admit evidence of alcohol concentration in a person's breath which are analyzed in accordance with methods approved by the director of health in3701-53-02 and 3701-53-04. Absent a showing of prejudice, the result of alcohol concentration tests administered in substantial compliance with Ohio Adm. Code 3701-53-04 are admissible. SeeState v. Plummer (1986), 22 Ohio St.3d 292, syllabus; State v.Adams (1992), 73 Ohio App.3d 735, 741. Appellant has not alleged or demonstrated that he was prejudiced in any way by the Highway Patrol's failure to comply with the manufacturer's recommendations to check the potentiometer's calibration annually. See State v.Plummer, 22 Ohio St.3d at 295. In addition, appellant did not demonstrate that the potentiometer, simulator, or BAC Datamaster functioned improperly.
Further, while the manufacturer of the simulator may recommend annual calibration of one component, the regulations controlling breath alcohol concentration testing do not require that. In fact, language requiring adherence to techniques for calibration recommended by the manufacturer of the calibration instrument or the director of health was deleted from Ohio Adm. Code 3701-53-02 and 3701-53-04 effective July 7, 1997.
Under Ohio Adm. Code 3701-53-02(A)(4), the BAC Datamaster device is approved as an evidential breath testing instrument. Ohio Adm. Code 3701-53-04 defines the procedure to be used to perform an instrument check on a BAC Datamaster. While the checklist for the BAC Datamaster requires that the testing solution be heated to 34 + .2 degrees centigrade, it does not require that the simulator's potentiometer be recalibrated annually. In fact, we found no law regulating simulators used to perform instrument checks on breath testing devices. Without proof that the potentiometer was defective, it would be speculative to conclude that the results of appellant's breath test were not in substantial compliance with testing regulations.
Accordingly, appellant's assignments of error are found not well-taken.
The judgment of the Vermilion Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.