While I agree with the result reached in the instant case, I must respectfully affirm on different grounds than those relied upon by the majority.
In regard to the second assignment of error, Spitzer argues that the state failed to demonstrate substantial compliance because (1) the lack of transmission at less than five-foot intervals fails to constitute substantial compliance when the officers could not testify that pockets of interference did not exist, and (2) "absent the [trial court's] judicial notice, the evidence suggests that there were two axises upon which [the officers] could have placed a mobile unit within 15 feet of the unit." Addressing these assertions in reverse order, it is apparent from the face of the record that Spitzer's latter contention is misleading. During the course of the suppression hearing, one of the two officers who testified stated that, although there were points on both Axis 4 and Axis 5 on which a cruiser could have been placed in order to test a mobile radio, no such act was performed. Spitzer argues that this constitutes a failure to achieve substantial compliance. Both Spitzer and the majority neglect, however, the following exchange between defense counsel and the officer that also took place at the hearing:
 Q: * * * Was [sic] there any other places where you could place a police car within 30 feet of the device without a crane?
A: No, sir.
Based on this uncontradicted testimony of the officer that a mobile unit could only be placed on the two axes in question by using a crane — and not on the trial court's judicial notice regarding axis five — I find it beyond question that the officers were in substantial compliance in testing for mobile unit interference. See State v. Freking (Feb. 8, 1996), Franklin App. No. 95APC07-871, unreported (holding that substantial compliance does not require placement of mobile unit where cruisers do not travel, such as grassy areas surrounding the building); State v.Miller (Mar. 16, 1994), Hamilton App. No. C-930290, unreported (holding that substantial compliance does not require placement of vehicle with mobile radio in improbable location when actual likelihood of such presence is de minimis).
In regard to the issue of whether Ohio Admin. Code3701-53-02(C) requires continuous transmission, the majority hesitates to state that the regulation requires continuous transmission. I disagree with this reluctance. One of the cases cited by both the trial court and the majority, City of Union v.Reier (Oct. 23, 1990), Montgomery App. No. 12049, unreported, specifically requires continuous transmission, explaining that "[t]he regulation provides that the transmitting officer is to start at the farthest distance, a minimum of thirty feet, and is to approach the Breathalyzer while transmitting continuously." (Emphasis added.) See, also, State v. Hetzer (Sep. 25, 1996), Hamilton App. No. C-960172, unreported. However, as the Reier
court explained, substantial compliance is acceptable. Id.
In the instant case, the officers testified that while continuous transmission was not performed, they did transmit every five feet for the required thirty feet. This constitutes substantial compliance. Reier, supra (holding that transmitting at intervals of five feet over distance of at least thirty feet is substantial compliance). But, see, State v. Tuggle (Oct. 2, 1996), Hamilton App. Nos. C-960209, C-960210, C-960211, unreported. Therefore, by demonstrating substantial compliance, the state shifted the burden to Spitzer to show that less than literal compliance prejudiced him. See State v. Plummer (1986),22 Ohio St.3d 292, syllabus.
The majority correctly notes that Spitzer has failed to offer any authority requiring the officers to understand the underlying scientific principles of how radio waves operate and that he has failed to demonstrate prejudice. I feel that this latter point demands emphasis, because it is this rationale which I feel is dispositive of Spitzer's claim of improper judicial notice and not the majority's rationale that no judicial notice was in fact taken.
Because Spitzer presented no evidence that there were pockets of interference, he failed to establish what this Court has described as the `"necessary predicate' to proving that the test results were tainted." State v. Peyton (June 7, 1995), Medina App. No. 2387-M, unreported, quoting State v. Adams (1992),73 Ohio App.3d 735, 745. While the officers may not have known whether the existence of such pockets was even possible, the mere unsupported possibility does not prove prejudice warranting suppression. Accordingly, the trial court's judicial notice of how radio waves operate — which the majority hesitates to designate as judicial notice — was irrelevant surplusage, as the state had no burden, absent a demonstration of prejudice, to present such expert testimony on the operation of radio waves.
I therefore affirm on the foregoing grounds.