This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant. Robert Kurtz, has appealed from his conviction for operating a motor vehicle with a prohibited breath alcohol reading. We affirm.
On May 20, 2000, Defendant was charged with operation of a motor vehicle while under the influence of alcohol, in violation of R.C.4511.19(A)(1); operation of a motor vehicle with a prohibited breath alcohol content, in violation of R.C. 4511.19(A)(3); and operation of a motor vehicle in excess of the posted speed limit, in violation of Codified Ordinance of the City of Orrville 333.03. On June 30, 2000, Defendant moved to suppress all evidence in this case. On that same date, Defendant's motion was denied because it was untimely. On July 5, 2000, Defendant moved for leave to file his motion to suppress. On July 6, 2000, the trial court granted Defendant's motion for leave to file and set the matter for oral hearing. On October 20, 2000, a hearing was held on Defendant's motion to suppress. Following the hearing, Defendant's motion to suppress was denied. On November 7, 2000, Defendant pled no contest to one count of operation of a motor vehicle with a prohibited breath alcohol content. The remaining charges were nolled. Defendant timely appealed and has raised two assignments of error for review.
ASSIGNMENT OF ERROR I
 The trial court erred to the prejudice of [Defendant] by denying [Defendant's] motion to suppress evidence.
 In his first assignment of error, Defendant has argued that the trial court erred when it denied his motion to suppress. Specifically, Defendant has argued that the evidence should have been suppressed because (1) the instrument check did not substantially comply with O.A.C. 3701-53-04(A)(2), and (2) the instrument check solution certificate admitted was a copy and was not the original certificate. We disagree with both contentions.
"`When considering a motion to suppress, the trial court assumes the role of trier of fact and thus, stands in the best position to resolve issues of fact and witness credibility.'" State v. Cumberledge (Sept. 16, 1998), Lorain App. No. 97CA006959, unreported, at 5, quoting CuyahogaFalls v. Stephenson (June 18, 1997), Summit App. No. 18011, unreported, at 4-5. While we defer to the findings of the trial court on a motion to suppress, provided that they are supported by competent, credible evidence, our review of the application of the law to the facts is denovo. State v. McNamara (1997), 124 Ohio App.3d 706, 710.
A. Instrument Check
In his first issue of law, Defendant has argued that the test results should have been suppressed due to a failure to comply with the Department of Health regulations. The Supreme Court of Ohio has noted that test results to establish alcoholic concentration under R.C. 4511.19
are admissible so long as there has been substantial compliance with the Ohio Department of Health regulations. State v. Plummer (1986),22 Ohio St.3d 292. Once the State demonstrates substantial compliance with the regulations, the burden then shifts to Defendant to show that he was prejudiced by the failure to strictly comply with the regulations.Id. Absent a demonstration of prejudice, the results of a breath alcohol test are admissible. Id.
Pursuant to O.A.C. 3701-53-04(A):
 (A)A senior operator shall perform an instrument check on approved evidential breath testing instruments and a radio frequency interference (RFI) check no less frequently than once every seven days in accordance with the appropriate instrument checklist as set forth in appendices A to D to this rule. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.
 (1) An instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health. An instrument check is valid when the result of the instrument check is at or within five one-thousandths (0.005) grams per two hundred ten liters of the target value for that instrument check solution. An instrument check solution shall not be used more than three months after its date of first use. An instrument check solution approved by the director after the effective date of this rule shall not be used after the manufacturer's expiration date but in no event shall the solution be used more than three years after its date of manufacture, notwithstanding the manufacturer's expiration date. Results of an instrument check which are outside the range specified in this paragraph shall be confirmed by the senior operator using another bottle of instrument check solution. If this instrument check also is out of the range, the instrument shall not be used until the instrument is serviced.
 (2) The instrument shall be checked to detect RFI using a hand-held radio normally used by the law enforcement agency. The RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subject test. If the RFI detector check is not valid, the instrument shall not be used until the instrument is serviced.
 Defendant has alleged that the State failed to prove compliance with 3701-53-04 because it failed to show that the RFI detector check was completed with a hand-held radio normally used by the law enforcement agency. The testimony at trial established that Officer James I. Davis, III, completed the RFI check with his portable radio. He further stated that he used this radio in his normal routine duties. Based upon this testimony, the trial court found that the test complied with the Department of Health regulations as contained in O.A.C. 3701-53-04 and thus the test results were admissible.
Defendant has first argued that because evidence was presented that the Orrville Police Department utilizes three different radio models, the State failed to establish that the radio utilized to calibrate this machine was normally used by the law enforcement agency. Contrary to Defendant's assertions, the regulation does not state that there can only be one style of radio normally used by a police department. Officer Davis testified that in calibrating the machine he used the radio he normally used in his routine duties. This evidence is sufficient competent, credible evidence to meet this part of the regulation. Defendant has alternatively argued that the State failed to establish that the radio used was a "hand-held radio." Officer Davis' testimony that the radio was portable meets this requirement. Therefore, competent, credible evidence was presented to show compliance with the requirements of the regulation.
Even assuming arguendo that the State had failed to show strict compliance with the regulations, the State certainly showed substantial compliance. The burden would thus shift to Defendant to show that he was prejudiced by the failure to strictly comply. Defendant did not present to the trial court or to this Court any evidence to establish prejudice suffered by him as a result of the actions of the Orrville Police Department in the manner in which they calibrated the instrument. Accordingly, Defendant's arguments are not well taken.
B. Instrument Check Solution Certificate
In his second issue, Defendant has argued that the results of the tests should have been suppressed because the instrument check solution certificate was not properly admitted, and without the certificate the State did not show compliance with the Department of Health regulations. Specifically, Defendant has alleged that the document admitted was a copy and not the original and thus was inadmissible.
A trial court enjoys broad discretion in determining the admissibility of evidence and its decision should not be reversed absent an abuse of discretion that has caused the defendant to suffer material prejudice.State v. Davis (Aug. 21, 1991), Medina App. No. 1952, unreported, at 3, citing State v. Hymore (1967), 9 Ohio St.2d 122, 128. An abuse of discretion is more than mere error. It must involve "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Pursuant to 3701-53-04: "[a]n instrument shall be checked using an instrument check solution * * * approved by the director of health." Independent manufacturers use a formula to produce the alcohol reference or simulator solutions used to calibrate the devices used to test breath alcohol content in Ohio. See State v. Manzanares (Apr. 16, 1999), Wood App. No. WD-98-033, unreported, 1999 Ohio App. LEXIS 1634, at *4. Each manufacturer certifies the amount of alcohol, or "target value," in the solution it produces. Id. Beginning after December 1997, each manufacturer now randomly tests a statistically adequate sample of each batch of calibration solution to ascertain its "target value." Id. at *7. The Ohio Department of Health also tests a smaller sample of the solution independently. Id. at *4. If the Ohio Department of Health tests produce a result within an acceptable range of variance from the manufacturer's target value, the Director of the Ohio Department of Health issues a certificate of approval, which permits law enforcement agencies to use the solution to calibrate breath devices. Id.
Pursuant to Evid.R. 902(1), the certificate from the Ohio Department of Health certifying the target value of the calibration solution is a self-authenticating document. Additionally, under Evid.R. 1003, "[a] duplicate is admissible to the same extent as the original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."
In the present matter, Defendant does not question the authenticity of the original certificate from the Ohio Department of Health, nor does he indicate that admission of this duplicate would be "unfair."[1]
Accordingly, this Court is unable to state that the trial court abused its discretion in admitting a duplicate certificate where Defendant failed to raise such concerns. Therefore, since the document was properly admitted, the State established that the requirements of the Department of Health regulations were met. Thus, the trial court did not err in denying Defendant's motion to suppress.
Defendant's first assignment of error is without merit.
ASSIGNMENT OF ERROR II
 Assuming arguendo that Exhibit F was properly authenticated by the State of Ohio, the trial court committed an abuse of discretion when it sustained the State of Ohio's objection to Defendant's Exhibit 1 after it admitted Exhibit F into evidence.
 In his second assignment of error, Defendant has argued that the trial court erred in excluding Defendant's Exhibit 1 from evidence.[2] We disagree.
As stated above, we will review the trial court's decision regarding the admission of evidence under an abuse of discretion standard of review. The evidence that Defendant refers to is allegedly a memorandum directed to all BAC DataMaster and BAC Verifier sites from the Bureau of Alcohol and Drug Testing in reference to the recommended actions to be taken after the receipt of an "invalid sample" result. At trial, defense counsel questioned Officer Davis, the senior operator of the BAC DataMaster who calibrated the machine used to obtain the breath alcohol content of Defendant in this case, about this memorandum. Officer Davis testified that he did not remember ever having seen this document. No further testimony was offered with regard to the document to authenticate said document.
Defendant has acknowledged that no evidence was presented to authenticate this document, however, he has argued that this fact is irrelevant because this document is a self-authenticating document under Evid.R. 902(1) and thus, additional foundation is unnecessary. While the document appears to contain the seal of the Department of Health, no signature appears on the document. Therefore, this document does not comply with Evid.R. 902(1). Accordingly, since the document is not a self-authenticating document as defined in Evid.R. 902(1) and no other foundation was presented for this evidence, the trial court did not abuse its discretion in excluding such evidence.
Defendant's second assignment of error is without merit.
Defendant's first and second assignments of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________________ LYNN C. SLABY
BAIRD, J., WHITMORE, J. CONCUR.
[1] Defendant has alleged on appeal that he did challenge the document because in his original motion to suppress he questioned the validity of the BAC DataMaster. This Court is unable to find any correlation between his challenge to the accuracy of the testing machine and a challenge to the authenticity of the certificate from the Ohio Department of Health. Accordingly, this Court does not agree that Defendant raised a sufficient challenge to inhibit the admission of a duplicate copy.
[2] This Court notes that at trial Defendant did not seek to admit a "Defendant's Exhibit 1" but rather sought admission of and proffered a "Defendant's Exhibit A." During said proffer defense counsel does not indicate to what he is referring. During the course of the testimony, defense counsel referred to a "Defendant's Exhibit 1" in reference to a memorandum. A memorandum is included in the record and is labeled as "Defendant's Exhibit 1." While the transcript does not indicate that additional exhibits were either proffered or admitted by Defendant, the record contains a document labeled as "Defendant's Exhibit A" which is a letter from the prosecutor to defense counsel in answer to Defendant's request for discovery. We will construe Defendant's arguments on appeal as referring to "Defendant's Exhibit 1" which was a memorandum from the bureau of alcohol and drug testing on the subject of invalid samples.