[Cite as *State v. Harrington*, 2013-Ohio-5214.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120850 |
| | | TRIAL NO. 12TRC-7520A |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MAGGIE HARRINGTON, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  November 27, 2013

*John P. Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Jennifer Bishop*, Assistant City Prosecutor, for Plaintiff-Appellant,

*Matt Ernst*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} This is an appeal by the city of Cincinnati from a decision suppressing the result of a breathalyzer test. In this case, we deal once again with the loss of certain data from a computer server maintained by the Ohio Department of Health ("ODH"). We previously have held that the lost data did not require the suppression of breathalyzer test results for violating Ohio Adm.Code 3701-53-01(A), which requires that breathalyzer test results be maintained for three years. *See, e.g., State v. Wirth*, 1st Dist. Hamilton No. C-120070, 2013-Ohio-____. This case, however, raises the additional issue of whether the data loss results in a violation of Ohio Adm.Code 3701-53-04(G), which mandates that the results of dry gas controls be retained for three years. We hold that it does not, and we reverse the decision of the trial court.

I.

{¶2} On February 15, 2012, Maggie Harrington was arrested and charged with driving under the influence of alcohol under R.C. 4511.19(A)(1)(a), driving with a prohibited level of alcohol in her breath under R.C. 4511.19(A)(1)(d), and speeding under R.C. 4511.21(C). She submitted to a breath test on Intoxilyzer 8000 machine No. 80-004096, which revealed a breath-alcohol content in excess of the legal limit. Ms. Harrington filed a motion to suppress the test result. After an evidentiary hearing, the trial court found that the city failed to demonstrate substantial compliance with the ODH regulations and granted the motion.

{¶3} The testimony at the hearing revealed that the test sequence on an Intoxilyzer 8000 consists of a series of "air blanks" and "dry gas controls," which ensure that the machine is producing accurate measurements, as well as two breath samples, the lower of which is used as the final breath-alcohol result. The machine prints a

"subject test report" containing the test sequence information after each breath test, and Ms. Harrington received a copy of the report for her test. The ODH maintains this information in its database for a minimum of three years. As a result of an ODH server error, however, data from breath tests administered on the same machine between December 15, 2011, and December 22, 2011, was not uploaded from the machine to the ODH database. This machine had been placed into service at the District 2 police station in June 2011. A logbook kept at District 2 contains the results of the breath tests, but no additional data. By comparing its records with the logbook, the ODH determined that it had lost data for ten breath tests during this time. The ODH duplicated the missing breath results from the logbook and obtained copies of some of the ten subject test reports printed from the machine, but it is not clear from the record exactly how many subject test reports ODH obtained. Extrinsic data not included in the logbook or subject test printouts has been irretrievably lost.

{¶4} As a result of the lost data, the trial court found that the city had not demonstrated substantial compliance with Ohio Adm.Code 3701-53-01(A) and 3701-53-04(G),[1] which require that the results of breath tests and dry gas controls be retained for at least three years. The trial court also determined that the ODH had not established procedures for issuing permits for Intoxilyzer 8000 operators, as required by R.C. 4511.19 and 3701.143. The city raises two assignments of error challenging each of these conclusions.

---

[1] Both the trial court's decision and Ms. Harrington's appellate brief refer to Ohio Adm.Code 3701-53-01(G), but this provision does not exist. We presume that they were referring instead to Ohio Adm.Code 3701-53-04(G), as defense counsel used language from this section in support of his closing argument on the record-retention issue.

II.A.

{¶5}     The city contends in its first assignment of error that the trial court erred in suppressing the test based on noncompliance with the record-retention provisions.

{¶6}     There are two issues here: compliance with Ohio Adm.Code 3701-53-01(A), which requires that the results of "tests" be retained for three years, and compliance with Ohio Adm.Code 3701-53-04(G), which requires that the results of "controls" be maintained for three years.

{¶7}     We have dealt with the Ohio Adm.Code 3701-53-01(A) test-result issue previously. *See State v. Muchmore*, 1st Dist. Hamilton No. C-120830, 2013-Ohio-5100; *State v. Wirth*, 1st Dist. Hamilton No. C-120070, 2013-Ohio-____. In those opinions, we held that the "test result" is the lower of the two breath-alcohol measurements taken during the test. *Muchmore* at ¶ 31; *Wirth* at ¶ 6. Since the test results were maintained, there was no basis for suppression, notwithstanding the loss of other extrinsic data. Based upon our holdings in *Muchmore* and *Wirth*, we reject Ms. Harrington's argument that her breathalyzer test should be suppressed for failure to comply with Ohio Adm.Code 3701-53-01(A).

{¶8}     The new issue in this case is whether the tests should be suppressed under Ohio Adm.Code 3701-53-04(G) because of the loss of the results of "controls" from tests administered to other individuals during the seven-day period when the computer glitch occurred. We apply a burden-shifting analysis. The state must show substantial compliance with ODH regulations, and if the state meets that burden, a rebuttable presumption arises that the test results are admissible. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71; *State v. Booth*, 1st Dist. Hamilton No. C-070184, 2008-Ohio-1274. Then, the burden shifts back to the defendant to show that he or she "was prejudiced by anything less than strict compliance." *Id.*

4

**{¶9}** Here, dry gas control results from ten breathalyzer tests were not transmitted from the machine to the ODH database. The ODH has duplicated some, but not all, of the missing dry gas control results by obtaining copies of the subject test report printouts from the machine, and the evidence indicates that the ODH has otherwise maintained dry gas control results from this machine for the requisite three years. We cannot say that the loss of dry gas control results from fewer than ten tests over the eight months in which the machine was in service prior to Ms. Harrington's test negates the city's evidence of retention of all other dry gas control results from this machine. Were we to hold otherwise, it would follow that "any deviation whatsoever from the regulation render[s] the results of a [test] inadmissible." *Burnside* at ¶ 34, quoting *State v. Plummer*, 22 Ohio St.3d 292, 294, 490 N.E.2d 902 (1986). The Ohio Supreme Court explicitly rejected such a harsh standard, recognizing instead that "strict compliance is not always realistically or humanly possible." *Id.* We, therefore, find the city's evidence of retention sufficient to meet the substantial-compliance standard.

**{¶10}** Furthermore, Ms. Harrington has not demonstrated any prejudice. Her breath-test result and the results of the dry gas controls performed during her test were not lost. Likewise, the results of all ten missing breath tests have been duplicated, and she has not shown that the loss of dry gas control results from a few tests compromises the accuracy or evidentiary value of her own breath-alcohol result. The first assignment of error is sustained.

## II.B.

**{¶11}** In its second assignment of error, the city asserts that the trial court erred by finding that the ODH failed to establish procedures for issuing Intoxilyzer 8000 operator permits, as required by R.C. 4511.19 and 3701.143. Based upon our decision in

*State v. McMahon*, 1st Dist. Hamilton No. C-120728, 2013-Ohio-2557, we sustain this assignment of error as well.

III.

{¶12}    The trial court's judgment granting Ms. Harrington's motion to suppress is reversed, and this case is remanded for further proceedings.

**DINKELACKER, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.