OPINION
Appellant, James Cecil, appeals his conviction issued by the Warren Municipal Court, finding him guilty of driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and driving with a prohibited blood alcohol content, in violation of R.C. 4511.19(A)(3).
On November 29, 1997, at approximately 1:00 a.m., Sergeant Tod Mason of the Ohio State Highway Patrol was driving behind appellant on North River Road near Elm Road in Howland Township, Ohio when he observed appellant's vehicle weaving back and forth. The sergeant testified that appellant's vehicle twice drifted about a foot to a foot and-a-half across the right edge line and jerked back to the center of the lane. He also testified that he observed appellant's vehicle straddle the dash lines that divide the "northbound" lanes of North River Road, before he decided to stop him. When Sergeant Mason approached appellant, he noticed an odor of alcoholic beverage and that appellant's speech was slurred. At that point, Sergeant Mason asked appellant to exit his vehicle so that he could perform some field sobriety tests. He then administered a standard battery of field sobriety tests, including the horizontal gaze nystagmus test, the walk-and-turn test, and the one-legged stand. Appellant performed poorly on all three.
Sergeant Mason arrested appellant for driving under the influence of alcohol, placed appellant in the back of his police cruiser, and transported him to the State Highway Patrol post in Southington, Ohio. At the patrol post, the sergeant asked appellant to submit to a breath test. When appellant asked if he could speak to his attorney before deciding whether to take the test, Sergeant Mason took him to a phone. After appellant could not reach his attorney, he agreed to submit to the test. The results of the test indicated that appellant had a concentration of alcohol of .222% of a gram per 210 liters of breath. Appellant was subsequently charged with a violation of R.C. 4511.19(A)(1) (driving under the influence of alcohol), R.C. 4511.19(A)(3) (driving with a prohibited blood alcohol content), and R.C.4511.33(A) (failure to drive within marked lanes).
On December 16, 1997, appellant filed a motion to suppress all evidence obtained by the Ohio State Highway Patrol, including the results of the breath test. On July 7, 1998, a hearing was held on appellant's motion, and at the conclusion of the hearing, the trial court denied appellant's motion to suppress.
On August 11, 1998, appellant entered a plea of no contest to driving under the influence of alcohol and driving with a prohibited blood alcohol content and was sentenced accordingly. From his conviction, appellant filed a timely notice of appeal setting forth the following assignments of error:
 "[1.] The trial court erred to the prejudice of the appellant in overruling the defendant's motion to suppress any and all evidence obtained as a result of the illegal stop, detention and arrest [of] the appellant.
 "[2.] The trial court erred to the prejudice of the appellant in finding substantial compliance by the state with the Ohio Department of Health regulations regarding the proper method of the drawing of the breath sample of the appellant.
 "[3.] The trial court erred in overruling the appellant's motion to suppress the breath test result by finding compliance by the state with the Ohio Department of Health regulations regarding the instrument check of the breath machine used by the State."
In his first assignment of error, appellant alleges that the trial court erred by denying appellant's motion to suppress all evidence obtained by the Ohio State Highway Patrol. Appellant contends that Sergeant Mason's stop of appellant's vehicle was not justified by reasonable suspicion based on specific and articulable facts.
In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse (1979),440 U.S. 648, 663, 99 S.Ct. 1391. The propriety of an investigative stop is to be viewed in light of the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177,524 N.E.2d 489, paragraph one of the syllabus.
To support his contention that the officer did not possess reasonable suspicion to stop his vehicle, appellant relies on a line of cases that hold that a de minimis marked-lanes violation, without other evidence of impairment, does not justify an investigative stop. See State v. Gullet (1992), 78 Ohio App.3d 138,604 N.E.2d 176 (motorist crossed the right edge line on one occasion over a mile and one-half stretch, and again when he turned at the intersection); State v. Williams (1993), 86 Ohio App.3d 37,619 N.E.2d 1141 (vehicle once moved out of its lane of travel by one tire width); State v. Johnson (1995), 105 Ohio App.3d 37,663 N.E.2d 675 (vehicle crossed right edge line twice by less than one tire width).
The facts of the instant case are distinguishable from those of the cases that appellant cites in that those motorists barely crossed the edge lines; however, in the case sub judice, the officer observed appellant's vehicle drift about a foot over the right edge line and then jerk back to the center of the lane twice before he pulled him over; he also observed appellant's vehicle cross the broken line dividing the northbound lanes. Such weaving and jerking does not constitute a de minimis marked-lanes violation; therefore, appellant's driving provided specific articulable facts to warrant Sergeant Mason's investigative stop. See State v. Balkman (June 23, 1995), Lake App. No. 94-L-123, unreported (crossing the yellow median line twice and moving onto the berm twice justifies an investigatory stop). Because the officer had reasonable suspicion to stop appellant, the trial court did not err by denying appellant's motion to suppress. Appellant's first assignment of error has no merit.
In his second assignment of error, appellant contends that the City of Warren failed to introduce credible evidence that appellant was observed for twenty minutes immediately prior to the administration of the breath test and, therefore, failed to prove substantial compliance with the regulations set forth in the Ohio Adminstrative Code.
When a defendant files a motion to suppress, the prosecution is required to demonstrate substantial compliance with Ohio Department of Health regulations. State v. Plummer (1986),22 Ohio St.3d 292, 294, 490 N.E.2d 902. Pursuant to Ohio Adm. Code3701-53-02(B), a subject must be observed for twenty minutes prior to the administration of a breath test to prevent oral ingestion of any material. Admissibility of the results of a breath test is dependent, in part, upon the prosecution proving, by a preponderance of the evidence, substantial compliance with the twenty-minute observation requirement.
Appellant argues that the prosecution did not prove substantial compliance with Ohio Adm. Code 3701-53-02(B) because Sergeant Mason testified that he stepped out of the room while appellant attempted to contact his attorney, and the prosecution did not present any evidence that Sergeant Mason observed appellant for twenty mintutes upon rejoining appellant after his telephone call.
Appellant relies on State v. Canalos (June 26, 1991), Athens App. No. 1442, unreported, to support his contention that the City of Warren did not sustain its burden of proving that appellant had been observed for twenty minutes prior to the performance of the breath test. In Canalos, the Fourth District Court of Appeals held that where the record is unclear as to whether the twenty-minute period had been observed, the benefit of the doubt is given to the defendant and noncompliance is found.
As noted by the Second District Court of Appeals in State v.Borden (Sept. 4, 1998), Montgomery App. No. 16835, unreported:
 "[Canalos] * * * was concerned solely with the factual issue whether the period in which the defendant in that case had been under observation equaled or exceeded twenty minutes. Although the officer had testified that he was sure that the defendant had been under observation for at least twenty minutes, the documentary evidence in the case indicated otherwise. The court of appeals resolved this discrepancy in the defendant's favor. There was no issue in that opinion concerning whether the observation of the defendant in that case was sufficiently intense to make it reasonably unlikely that the defendant had ingested any material that would affect the result of the test."
Appellant is mistaken in his contention that Sergeant Mason had to stare at appellant continuously for twenty minutes before the test results become admissible.
 "The purpose of the observation rule is to require positive evidence that during the twenty minutes prior to the test the accused did not ingest some material which might produce an inaccurate test result. [Citation omitted.] A witness who testifies to that foundational fact is not required to show that the subject was constantly in his gaze, but only that during the relevant period the subject was kept in such a location or condition or under such circumstances that one may reasonably infer that his ingestion of any material without the knowledge of the witness is unlikely or improbable. To overcome that inference, the accused must show that he or she did, in fact, ingest some material during the twenty-minute period." Adams, supra, at 179.
Sergeant Mason testified that he observed appellant for at least twenty minutes before he administered the breath test. His testimony reveals that he was with appellant from the time appellant was placed in custody, at 1:09 a.m., to when the breath test was administered, at 1:52 a.m. According to the sergeant, the only time appellant left his gaze was while appellant made one telephone call, which no one answered. Appellant asserts that because Sergeant Mason was not in the room with him while he made the phone call, he could not be sure that appellant did not ingest any material; however, the "mere assertion that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the breathalyzer test results inadmissible." State v. Steele (1977), 52 Ohio St.2d 187,192, 370 N.E.2d 740. Appellant did not present any evidence at the suppression hearing that he ingested anything while he was in the room using the telephone; therefore, he has not overcome a reasonable inference that it was unlikely that he had ingested some material that may have affected the results of the test. We conclude that the testimony in this case shows substantial compliance with the twenty-minute observation requirement. Because the prosecution proved substantial compliance with the department of health regulations, the trial court did not err by denying appellant's motion to suppress the results of the breath test. Appellant's second assignment of error has no merit.
In appellant's third assignment of error, appellant contends that because the prosecution failed to introduce the Ohio Department of Health ("ODOH") certificate of solution at the suppression hearing, it did not prove substantial compliance with the ODOH regulations; therefore, the results of the breath test should have been found inadmissible.
Substantial compliance with the applicable regulations is a threshold requirement for admissibility of alcohol test results.Plummer, supra. Ohio Adm. Code 3701-53-04 governs instrument checks and provides, in part:
 "An instrument shall be checked using an instrument check solution containing ethyl alcohol approved by the director of health. An instrument check is valid when the result of the instrument check is at or within five one-thousandths (0.005) grams per two hundered ten liters of the target value for that instrument check solution." Ohio Adm. Code 3701-53-04(A)(1).
To substantially comply with this regulation, the prosecution needs to show that the solution in question was approved by the director of health. State v. Workman (1996), 79 Ohio Misc.2d 26,37, 670 N.E.2d 315. The prosecution usually introduces into evidence a certificate from the Department of Health declaring that the batch of solution produces a certain target value in order to prove compliance with this regulation. See State v.Monsour (Dec. 5, 1997), Portage App. No. 96-P-0274, unreported. In the instant case, the prosecution failed to introduce a certificate of approval of the solution by the director of health; however, Trooper Joseph Truchan testified that he used "a solution that was approved by the Department of Health" to calibrate the machine, and its target value was .099 grams per two hundred ten liters. Appellant asserts that the prosecution did not prove that the solution was approved by the director of health because it did not introduce the certificate of solution into evidence; however, the Ohio Administrative Code does not state that a certificate of approval of the solution must be produced before the test results become admissible. All that is necessary is that the prosecution prove, by a preponderance of the evidence, that the solution was approved by the director of health. Because the Ohio Administrative Code does not indicate that presentation of a certificate is the exclusive manner by which the State can prove that the solution was approved by the director of health, the State can prove that the solution was approved by submitting any evidence tending to prove that fact, and the admissibility of that evidence is governed by the Ohio Rules of Evidence.
Although Trooper Truchan's testimony was hearsay and in violation of the best evidence rule[1], and could have been ruled inadmissible on either ground, appellant failed to object to the trooper's testimony at the hearing. Appellant's failure to object at the hearing constitutes waiver of that issue on appeal. Crim.R. 12(G). We must conclude that Trooper Truchan's testimony that the solution was approved by the director of health was sufficient to satisfy the prosecution's burden of proving substantial compliance with that requirement. Because the prosecution proved substantial compliance with the department of health regulations, the trial court did not err by denying appellant's motion to suppress the results of the breath test. Appellant's third assignment of error has no merit.
For the foregoing reasons, the judgment of the Warren Municipal Court is affirmed.
 __________________________________________ JUDGE ROBERT A. NADER
FORD, P.J., concurs, O'NEILL, J., dissents.
[1] Pursuant to Ohio Evidence Rules 1002 and 1003, to prove the content of a writing, the original or a duplicate of the writing is required.