OPINION
Defendant-appellant Kathleen Brandenstein appeals the decision of the Belmont County Court, Western Division, which denied her motion to suppress evidence in her driving under the influence case. For the following reasons, the trial court's decision is affirmed.
 STATEMENT OF FACTS
On July 17, 1997, Ohio State Highway Patrolman Gary Wright hereinafter "the officer" noticed appellant's vehicle on the berm of the road. A man jumped onto the driver's side running board and appellant started driving with the man hanging onto her vehicle. Appellant soon turned left across the road into a yard and stopped her vehicle. The officer approached appellant and issued citations to her and the man for violating R.C. 4511.151 (C) and (D) which prohibit such conduct.
As the officer was writing these citations, he noticed that appellant smelled strongly of alcohol, had glassy eyes and slurred her speech. As such, the officer performed the horizontal gaze nystagmus ["HGN"] test upon appellant. Appellant failed all six parts of the HGN test. Appellant also swayed when she tried to balance and could not successfully perform the one leg stand test. As a result, the officer arrested appellant for driving under the influence. She submitted to breathanalysis which registered a blood alcohol content ["BAC"] of .163. Thus, appellant was charged with violating R.C. 4511.19 (A) (1) and (3).
In September 1997, appellant filed a motion to suppress the BAC test, arguing that there was insufficient probable cause to arrest her.[1] A suppression hearing proceeded at which the officer and appellant testified. Thereafter, the court held that there existed both reasonable suspicion to stop and probable cause to arrest. At this time, the court granted appellant leave to file additional pretrial motions regarding compliance with administrative rules and regulations. Appellant then filed another motion to suppress, which was sustained on the grounds that a recalibration summary that was included in discovery represented only a best estimate.
The state filed a motion for reconsideration[2] arguing that this recalibration summary is irrelevant because it involved the calibration that took place on July 2, 1997 by the manufacturer of the machine. The state established that appellant was arrested on July 17 and that the machine that tested her breath had been calibrated on July 15 and July 21 by the Highway Patrol. The court sustained the state's motion to reconsider. On May 19, 1998, appellant pled no contest to driving under the influence. The within appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth two assignments of error, the first of which contends:
 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS/SUPPRESS BASED UPON THE FACT THAT THE STATE DID NOT OPERATE IN SUBSTANTIAL COMPLIANCE WITH THE DEPARTMENT OF HEALTH REGULATIONS CONCERNING THE BAC DATAMASTER TEST."
The state should substantially comply with administrative rules and regulations. Defiance v. Katz (1991), 60 Ohio St.3d 1, 3. A defendant who argues that the state should have strictly complied with rules and regulations must show that he was prejudiced by the failure to strictly comply. State v. Plummer (1986), 22 Ohio St.3d 292,294-295.
Pursuant to R.C. 4511.19 (D), the officer testing appellant must have had a valid permit issued by the director of health. Appellant complains that the test form applicable to her test results states that the officer's permit had expired on May 11, 1997, two months prior to her test. Appellant failed to raise this issue before the trial court. If the issue had been raised below, then the state would have pointed out that the officer's permit states, "This permit shall expire two (2) years from this issue date of 11 May 1997." It appears that the officer had a valid permit in accordance with R.C. 4511.19 (D) but made a clerical error when he wrote that his permit expired on May 11, 1997. The state argues that appellant suffered no prejudice as a result of the officer's mistake. Regardless, appellant waived any error with regards to the permit's expiration date by failing to object in the trial court. See Crim.R. 2 (A), (B) and (F).
Next, appellant contends that the BAC Datamaster Recalibration Summary had flaws. This recalibration summary was signed by a government contractor on July 21 regarding a calibration that was performed by said contractor on July 2. The alleged flaws are as follows: the last name of the person who signed on the authorized signature line is illegible, the entity for whom this person works is unknown, and the document is notarized but contains no notary clause. Initially, we note that we would not categorize the signature as illegible. Additionally, if appellant had problems reading said signature, she should have asked for further discovery. The lack of a notary clause is irrelevant because there is no allegation that this recalibration summary is required to be notarized in the first place. Appellant fails to cite specific rules or regulations with which any technical flaw fails to substantially comply.
Most importantly, calibrations on the relevant machine had been performed by the Highway Patrol on July 15 and July 21, 1997. Since appellant was arrested and tested on July 17, the calibration performed on July 2 is of little relevance, especially where that calibration does not reveal inaccuracies. Pursuant to Ohio Adm. Code 3701-53-04 (A), the testing instrument should be checked every seven days. There existed strict compliance with this provision on the dates relevant to appellant's test. Thus, the trial court did not err when it denied appellant's motion to suppress the test results on the aforementioned grounds. This assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error alleges:.
 "THE ARRESTING OFFICER DID NOT HAVE SUFFICIENT REASONABLE SUSPICIONS TO JUSTIFY AN INVESTIGATIVE STOP OF THE APPELLANT AND THE ARRESTING OFFICER DID NOT HAVE PROBABLE CAUSE TO ARREST APPELLANT."
First, appellant argues that the officer lacked reasonable suspicion to make an investigative stop. Before making an investigatory stop, an officer must have a reasonable suspicion that the person to be stopped is or has been engaged in criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 21. Such reasonable suspicion arises from specific and articulable facts coupled with any rational inferences which can be drawn from those facts.State v. Andrews (1991), 57 Ohio St.3d 86, 87.
In the present case, the officer noticed appellant's vehicle stop on the berm of the road. He then saw a man step onto the driver's side of the vehicle's running board. He watched appellant drive with the man holding onto her vehicle. Appellant argues that the officer should not have initiated a stop because she did not drive very far with the man on her vehicle. However, the officer witnessed violations of R.C. 4511.51(C) which prohibits a person from riding on the outside of a vehicle and R.C. 4511.51(D) which prohibits a driver from knowingly allowing a person to ride of the outside of a vehicle. Accordingly, the officer had more than reasonable suspicion that the appellant and the man who rode on the outside of her vehicle were breaking the law. He then properly approached the vehicle, which had already stopped, to reprimand the violators and issue citations.
Appellant contends that the citations for violations of R.C.4511.51 were pretextual as the officer merely wished to determine if appellant was driving under the influence. However, an officer's motivation is irrelevant. Dayton v. Erickson (1996),76 Ohio St.3d 3. Furthermore, as aforementioned, the stop was not to investigate if appellant was intoxicated but was to punish two people for participating in unsafe and illegal traffic violations. We thus conclude that the stop was valid:
As for probable cause to arrest for driving under the influence, one must examine the totality of the circumstances. The facts and circumstances known to the officer must be sufficient to cause a prudent person to believe that the offender was driving while under the influence. State v. Brown (Sept. 7, 1999), Belmont App. No. 96BA22, unreported, 4; State v. Beall
(Mar. 3, 1999), Belmont App. No. 94B43, unreported.
In the case at bar, the officer witnessed an unusual traffic violation. As he was issuing citations to the violators, he noticed that appellant smelled strongly of alcohol. He also observed that appellant had glassy eyes and slurred speech. The officer testified that appellant swayed when she attempted to balance. Appellant then failed all six parts of the HGN test. The Supreme Court of Ohio once explained that the HGN has been described as the single most accurate field test. State v. Brass
(1990), 51 Ohio St.3d 123, 126. Furthermore, appellant could not successfully perform the one leg stand test as she put her leg down for balance at least three times. At the suppression hearing, appellant admitted to having consumed four beers. She explained her failing of the one leg stand test as being a result of a knee problem.
The credibility of witnesses and the weight of the evidence are primarily the province of the trial court as it rules on a motion to suppress evidence for lack of probable cause to arrest. Statev. Smith (1997), 80 Ohio St.3d 89, 105, citing State v. Fanning
(1982), 1 Ohio St.3d 19, 20. The trial court found the officer's testimony to be credible. In fact, appellant's testimony did not vary much from the officer's testimony. The application of the law to the facts is subject to de novo review. Lloyd, supra at 100-101. In performing this review, we conclude that under the totality of the circumstances, the officer had probable cause to arrest appellant for driving under the influence. Accordingly, the trial court did not err when it denied appellant's motion to suppress evidence for lack of probable cause to arrest.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.
 APPROVED: _________________________ JOSEPH J. VUKOVICH, JUDGE
[1] In the alternative, appellant framed this motion as a motion to dismiss; however, the proper motion is solely one to suppress. State v. Lloyd (1998), 126 Ohio App.3d 95, 100.
[2] Although a motion to reconsider a final order is a nullity, a court may reconsider an interlocutory order. Pitts v. OhioDept. of Transportation (1981), 67 Ohio St.2d 378. Suppression of evidence is only a final order which the state may appeal if the order meets that requirements of R.C. 2945.67 and Crim.R. 12 (J). If the state believes that the order does not fit under R.C.2945.67 and Crim.R. 12 (J) as a final order, then it may attempt to seek reconsideration in the trial court. We faced a similar scenario in State v. Graham (Aug. 30, 1999), Belmont App. No. 98BA32, unreported, 2. However, we did not reach whether the court properly reconsidered its prior suppression in Graham because the defendant moved to dismiss on speedy trial grounds and we held that a motion to reconsider does not toll the time limitations. Id.