DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Ottawa County Municipal Court, which denied appellant's motion to suppress the results of a breath test, which the state intended to use as evidence of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3).
The following facts were elicited during the May 28, 1999 suppression hearing. On the early morning of February 13, 1999, appellant was operating his vehicle on State Route 2 in Ottawa County, Ohio, when he lost control of his vehicle and struck a tree located on residential property. Appellant sustained minor injuries.
The Ohio State Highway Patrol dispatched the call at 12:50 a.m. Trooper Joshua Swindell arrived on the scene at 12:59 a.m. and Trooper Cari Riebesell arrived shortly thereafter. Appellant told Riebesell that the accident occurred at 1:00 a.m. The crash report lists the time of the accident as 12:48 a.m.; however, Riebesell, who authored the report, testified that she did not know exactly when the accident occurred.
Appellant told Riebesell that he had consumed two beers and one shot of alcohol. She detected a strong odor of alcohol and observed that appellant's eyes were glassy and bloodshot. Riebesell administered a horizontal gaze nystagmus test and appellant scored six of six factors which indicated that he was intoxicated. Appellant also performed the walk and turn test where he scored four of the eight factors (a score of two of the eight factors is evidence of intoxication) and the one leg stand where he showed signs of impairment. Based upon the results of these tests Riebesell believed that appellant was under the influence of alcohol and he was arrested.
Appellant was then transported to the Port Clinton Police Department for a breath alcohol content test. He agreed to take the test which was performed at 2:46 a.m. Appellant's breath alcohol test showed that appellant had a concentration of .101 grams of alcohol by weight per two hundred ten liters of breath. Appellant was then issued a traffic citation and placed on administrative license suspension.
Upon the close of the evidence, the trial court determined that the trooper had probable cause to place appellant under arrest. The trial court further found that the crash occurred at 12:48 a.m., the time listed on the crash report, and denied appellant's motion to suppress.
On June 7, 1999, appellant filed a motion in limine
seeking to prevent the state from admitting any evidence of the field sobriety tests administered to appellant. Appellant argued that the tests were not administered in conformity with the National Highway Traffic Safety Administration's manual. According to appellant's brief, the motion was denied on July 7, 1999, without a finding on the record.
On July 13, 1999, appellant entered a plea of no contest to and was found guilty of the prohibited concentration violation of R.C. 4511.19(A)(3). The charge under R.C. 4511.19(A)(1) was dismissed. Appellant filed a timely notice of appeal and raises the following assignments of error:
 "THE STATE FAILED TO ESTABLISH THAT THE BREATH TEST OF THE DEFENDANT OCCURRED WITHIN TWO HOUR (SIC) OF THE ALLEGED OFFENSE.
 "THE FINDING OF THE TRIAL COURT, THAT THE BREATH TEST WAS CONDUCTED WITHIN TWO HOURS OF THE ALLEGED VIOLATION, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 "THE COURT COMMITTED PREJUDICIAL ERROR IN DENYING THE MOTION OF DEFENDANT WITHOUT HEARING AND WITHOUT STATING THE GROUNDS ON THE RECORD."
In his first assignment of error, appellant argues that because the time of the accident cannot be established, the state failed to meet its burden to show that the breath alcohol test was conducted within two hours of the accident as required under R.C.4511.19(D).[1] Appellee responds that sufficient evidence exists to demonstrate that the test was conducted substantially within the two-hour time limit.
We first note that when considering a motion to suppress, a trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v.Mills (1992), 62 Ohio St.3d 357, 366. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. An appellate court must independently determine, without deferring to a trial court's conclusions, whether, as a matter of law, the facts meet the applicable standard. Statev. Klein (1991), 73 Ohio App.3d 486, 488.
According to R.C. 4511.19(A)(3):
 "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
"* * *
 "(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath."
Unlike the substantial compliance standard applicable to certain regulations regarding alcohol testing, State v. Plummer
(1986), 22 Ohio St.3d 292, 294, it is well-established that "in a criminal prosecution for violation of R.C. 4511.19(A)(2),(3) or (4), * * * the results of a properly administered bodily substances test may be admitted in evidence only if the bodily substance is withdrawn within two hours of the time of the alleged violation."Newark v. Lucas (1988), 40 Ohio St.3d 100, 104. Thus, we must determine whether appellant's breath alcohol test was administered within the two-hour statutory limit and, therefore, properly admitted.
The evidence presented at the suppression hearing establishes that the troopers were dispatched at 12:50 a.m. and that one of the troopers arrived on the scene at 12:59 a.m. It further verifies that the breath alcohol test was administered at 2:46 a.m. However, critical to our determination is that the state has failed to establish the time of the accident. According to Trooper Riebesell appellant indicated that the accident occurred at 1:00 a.m. which, given the facts presented, was not possible. Riebesell, in the crash report, listed the time of the accident as 12:48 a.m. which, if accurate, would have the test being administered two minutes prior to the expiration of the two-hour limit. However, Riebesell testified that she did not know the exact time of the accident.
Based upon the foregoing, we find that the state failed to establish by competent and credible evidence that the breath alcohol test was administered within two hours of the time appellant was operating the vehicle. Newark, supra. Accordingly, the trial court did err when it denied appellant's motion to suppress and appellant's first assignment of error is well-taken.
In his second assignment of error, appellant argues that the trial court's conclusion that the breath alcohol test was conducted within two hours of the accident was against the manifest weight of the evidence. Based upon our findings relative to appellant's first assigned error we, likewise, find appellant's second assignment of error well-taken.
In his third and final assignment of error, appellant argues that the trial court erred when it denied his motion inlimine to prevent testimony of the field sobriety tests without putting the essential findings on the record.
A motion in limine is a "tentative interlocutory, precautionary ruling by a trial court reflecting its anticipatory treatment of [an] evidentiary issue." Cunningham v. Goodyear Tire Rubber Co. (1995), 104 Ohio App.3d 385, 393, citing State v.Grubb (1986), 28 Ohio St.3d 199, 201-202. The nature of the ruling is not final until raised in the context of a trial.
Based upon our disposition of appellant's first and second assignments of error, we find that the assigned error is moot and not well-taken because the ruling has not yet been made in the context of a trial.
Upon consideration whereof, we find that the judgment of the Ottawa County Municipal Court is reversed and remanded for proceedings consistent with this decision. Costs of this appeal are to be paid by appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ MARK L. PIETRYKOWSKI, J.
PETER M. HANDWORK, J., JAMES R. SHERCK, J., CONCUR.
[1] R.C. 4511.19(D)(1) provides, in relevant part:
 "In any criminal prosecution or juvenile court proceeding for a violation of this section, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation."