I disagree with the position taken by the majority on appellant's first assignment.
The per se provisions of R.C. 4511.19(A)(3) changed traditional mandates in proving an accused guilty of driving while intoxicated by accepting the results of a scientific test as proof of guilt.
As a concession to an accused's due process rights, the admissability of alcoholic concentration test results required a showing of substantial compliance with Department of Health Regulations.
In this matter, the State completely failed to produce evidence that it complied with the Department of Health regulation which specifies that a copy of the written procedures manual be on file in the area where the test is performed.
The Supreme Court of Ohio in State v. Plummer (1986), 22 Ohio St.3d 292
declared that "[a]bsent a showing of prejudice to a defendant, the results of a urine-alcohol test administered in substantial compliance
with Ohio Adm. Code 3701-53-05 are admissible in a prosecution under R.C. 4511.19." (Emphasis added.)
The majority would now put the burden on defendant to prove his innocence by requiring him to prove that he was prejudiced by the admission of evidence that failed absolutely to comply with one provision of the regulations.
I would suppress the BAC test results and enter judgment for appellant lest the law again be changed from strict compliance, to substantial compliance, to partial compliance.