OPINION.
Plaintiff-appellant, the state of Ohio, appeals the judgment of the Hamilton County Municipal Court granting a motion to suppress evidence filed by defendant-appellee, Lee Lipsky, in a prosecution for operating a vehicle with a prohibited breath-alcohol concentration. For the following reasons, we affirm the trial court's judgment.
In March 2001, a Cincinnati police officer stopped the automobile that Lipsky was driving after he observed Lipsky lose control of the car. The officer administered field sobriety tests and arrested Lipsky for operating a vehicle while under the influence of alcohol. After the arrest, Lipsky consented to an intoxilyzer test, which revealed that he had .114 grams of alcohol per 210 liters of his breath. Lipsky was charged with operating a motor vehicle under the influence of alcohol pursuant to R.C. 4511.19(A)(1) and operating a vehicle with a prohibited breath-alcohol concentration pursuant to R.C. 4511.19(A)(3).
Lipsky then filed a motion to suppress evidence. In his motion, he contended that the officer did not have probable cause to arrest him and that the intoxilyzer test was not administered in accordance with Ohio Department of Health regulations. The trial court conducted a hearing on the motion in June 2001 and issued a decision in which it suppressed the intoxilyzer test on the ground that the state had failed to demonstrate compliance with the regulations. The court overruled the motion with respect to the probable-cause issue.
The state now argues, in a single assignment of error, that the trial court erred in granting the motion to suppress the intoxilyzer result.[1]
Specifically, the state argues that it had established substantial compliance with Ohio Department of Health regulations.
R.C. 4511.19(D)(1) provides that the analysis of bodily substances must be conducted in accordance with methods approved by the Ohio Director of Health, as codified in the Ohio Administrative Code. When the defendant raises with specificity the manner in which the state has allegedly failed to comply with the Department of Health regulations, the burden shifts to the state to demonstrate substantial compliance with the applicable regulations.[2]
In the case at bar, Lipsky's motion raised the issue of the state's compliance with a number of the regulations. At the hearing, though, the state and Lipsky stipulated that the state had complied with the majority of the regulations cited in the motion. The stipulations included the arresting officer's senior-operator status with respect to the intoxilyzer machine, the validity of the instrument-check solution, and the validity of the most recent test and calibration of the machine used to test Lipsky's breath.
But the stipulations did not encompass the state's compliance with Ohio Adm. Code 3701-53-04 and 3701-53-01, which require that results of calibration checks and records of calibration, maintenance and repairs be maintained for not less than three years. In his motion to suppress, Lipsky specifically alleged that the state had failed to comply with the recordkeeping requirements. He now argues that the trial court's suppression of the intoxilyzer result was proper in light of the state's failure to adduce any evidence concerning such compliance.
We agree that the granting of the motion was correct. As the Twelfth Appellate District recently noted, "[r]ecord-keeping regarding maintenance and repairs [is] * * * important so that defendants may conduct complete and relevant discovery concerning the instrument which was used to conduct their test."[3] The failure of the state to adduce any evidence as to compliance with the recordkeeping requirement thus compelled the granting of the motion to suppress. Although courts have been willing to find substantial compliance where there is some evidence of recordkeeping,[4] the prosecution in the case at bar failed to demonstrate any level of compliance. Therefore, the state's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Painter, P.J. and Gorman, J., concur.
[1] The state's appeal relates only to the R.C. 4511.19(A)(3) charge and not to the alleged violation of R.C. 4511.19(A)(1).
[2] State v. Plummer (1986), 22 Ohio St.3d 292, 490 N.E.2d 902. See, generally, Xenia v. Wallace (1988), 37 Ohio St.3d 216, 524 N.E.2d 889.
[3] State v. Morton (May 10, 1999), Warren App. No. CA98-10-131, unreported.
[4] See id. (substantial compliance demonstrated where the records for the intoxilyzer had been kept "for the life of the machine"); State v.Gerrard (July 27, 1998), Warren App. No. CA97-10-107, unreported (substantial compliance where records were kept for two years); State v.Williams (Apr. 7, 1998), Franklin App. No. 97APC09-1141, unreported (substantial compliance where unsuccessful calibration checks were not properly retained but were recorded in a manner that "ensured that the record was not substantially misleading or prejudicial"). The state also claims that the trial court erred in holding that the prosecution had failed to demonstrate "strict" compliance rather than "substantial" compliance. But because the state failed to introduce any evidence concerning the recordkeeping requirement, we hold that the trial court's misstatement of the standard was harmless error.