[Cite as *State v. Boss*, 2013-Ohio-4005.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13 CA 22 |
| JULIA K. BOSS | |
| | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Municipal Court,
                             Case No.  12 TRC 13267


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      September 16, 2013


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

TRICIA M. MOORE                         J. ANDREW CRAWFORD
ASSISTANT LAW DIRECTOR                  REESE, PYLE, DRAKE & MEYER
40 West Main Street                     36 North Second Street, P. O. Box 919
Newark, Ohio  43055                     Newark, Ohio  43055

*Wise, J.*

{¶1}   Plaintiff-Appellant State of Ohio appeals the February 28, 2013, decision of the Licking County Municipal Court granting Defendant-Appellee Julia K. Boss' motion to suppress.

### STATEMENT OF THE CASE AND FACTS

{¶2}   On December 16, 2012, Defendant-Appellee Julia K. Boss was arrested and charged with speeding, operating a vehicle while under the influence of alcohol in violation of R.C. §4511.19(A)(1)(a), and operating a vehicle after underage alcohol consumption in violation of R.C. §4511.19(B) ("Underage OVI"). Appellee pled not guilty to all charges on December 18, 2012.

{¶3}   On January 18, 2013, Appellee filed a motion to suppress challenging the admissibility of evidence pertaining to her initial stop, her performance on the field sobriety tests, any statements made by her while in custody, and the result of her breath test taken on the Ohio State Highway Patrol's BAC Datamaster.

{¶4}   A hearing on the motion to suppress was held on February 19, 2013.  At said hearing, the scope of the evidence at the hearing was limited by agreement of the parties to evidence related to the admissibility of Appellee's breath test. (T. at  3). The primary issue raised regarding the admissibility of Appellee's breath test was the timing of the State of Ohio's performance of the Radio Frequency Interference ("RFI") checks as required by Ohio Department of Health ("ODH") regulation OAC 3701-53-04(A). More specifically, the BAC Datamaster printouts for the RFI checks showed that the RFI checks before and after Appellee's breath test were conducted more than 192 hours apart in violation of OAC 3701-53-04(A).

**{¶5}**  The only testimony presented at the suppression hearing came from Trooper Eitel.  Tpr. Eitel testified that he arrested the defendant for operating a vehicle under the influence of alcohol on December 16, 2012, in Licking County, Ohio. He averred that he handcuffed her behind her back, verified that she did not put anything into her mouth in the twenty minutes prior to the test, and that he read the BMV 2255 form to her. The time of the violation was 3:17 a.m. and the breath test was administered at 4:10 a.m., the result of which was 0.073 grams of alcohol per 210 liters of breath.

**{¶6}**  The crux of the trooper's testimony concerned the calibration records of the machine relating to the routine check prior to the defendant's test. Referring to the documents contained in State's Exhibit 1, Tpr. Eitel testified that Tpr. Thaxton of the Granville Post of the Ohio State Highway Patrol conducted a calibration check on December 10, 2012, and that the results were within the margin of error. An addendum to the calibration check document executed by Tpr. Thaxton and dated December 10, 2012, indicated that a radio frequency interference ("RFI") check was performed without any indication of problems. Tpr. Eitel identified the photocopies on the back side of the calibration check document as the tickets printed out by the DataMaster machine reflecting the RFI test and calibration test result. He further opined that the tickets appeared to have come out of the machine at the same time on the scroll of paper used for the printouts and were consistent with the tests being conducted one after another in consecutive procedures. He based this on a visual examination of the photocopy of the printouts while on the witness stand. The time of the RFI test as reflected on the printout is 12:01 a.m. on December 9, 2012. The time of the calibration check as reflected on

the printout is 12:04 a.m. on December 10, 2012. Tpr. Eitel authenticated printout tickets from an RFI test and calibration check that he conducted on December 17, 2012 at 2:08 a.m. and 2:13 a.m., respectively.

**{¶7}** On cross examination, Tpr. Eitel conceded that he was not present when Tpr. Thaxton conducted the RFI and calibration checks at issue herein. He noted that he had no personal knowledge about them and that he was basing his testimony on the documents contained in State's Exhibit #1. He also conceded that he was unaware of whether the time printed on the tickets reflected the time the test was started or when it was completed.

**{¶8}** During re-direct examination, Tpr. Eitel stated that the RFI check of December 17, 2012, was conducted within seven days of the preceding check.

**{¶9}** On February 28, 2013, the trial court issued its ruling granting Appellee's motion to suppress. In reaching its decision, the trial court relied upon the documentary evidence submitted. This evidence included a printout generated by the BAC Datamaster showing the preceding RFI check was performed at 12:01 a.m., December 9, 2012. It also included a printout generated by the BAC Datamaster which showed the subsequent RFI check was not completed until 2:08 a.m. on December 17, 2013. The trial court noted that the time span between the two RFI checks exceeded the 192 hours between RFI checks allowed by ODH regulation OAC 3701-53-04(A). Based on that factual finding, the trial court found Appellant had failed to meet its burden to show substantial compliance with ODH regulations.

**{¶10}** The State's appeal is now before this Court, assigning the following error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶11} "I. THE TRIAL COURT DID ERR IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS THE BREATH TEST BASED ON A LACK OF SUBSTANTIAL COMPLIANCE WITH ODH REGULATIONS."

I.

{¶12} In Appellant's sole Assignment of Error, she argues that the trial court erred in denying her motion to suppress. We disagree.

{¶13} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141(1991); *State v. Guysinger,* 86 Ohio App.3d 592, 621 N.E.2d 726(1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio

App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor,* 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger, supra.*

{¶14} Revised Code §4511.19(D) requires that the analysis of bodily substances be conducted in accordance with methods approved by the Ohio Director of Health, as set forth in the Ohio Administrative Code regulations. The Ohio Supreme Court has held that absent a showing of prejudice by the defendant, rigid compliance with ODH regulations is not required, as such compliance is not always humanly or realistically possible. *State v. Plummer,* 22 Ohio St .3d 292, 294, 490 N.E.2d 902 (1986); *State v. Raleigh,* 5th Dist. No. 007–CA–31, 2007–Ohio–5515, at ¶ 40. Rather, if the state shows substantial compliance with the regulations, alcohol tests results are admissible in a prosecution under R.C. §4511.19. *Plummer, supra* at syllabus.

{¶15} In this case, Appellee argued that the State did not substantially comply with the ODH requirements set for in OAC 3701-53-04(A), which states:

{¶16} "(A) A senior operator shall perform an instrument check on approved evidential breath testing instruments listed under paragraphs (A)(1), (A)(2), and (B) of rule 3701-53-02 no less frequently than once every seven days in accordance with the appropriate instrument checklist for the instrument being used. The instrument check may be performed anytime up to one hundred and ninety-two hours after the last instrument check.

{¶17} "(1) The instrument shall be checked to detect radio frequency interference (RFI) using a hand-held radio normally used by the law enforcement agency performing the instrument check. The RFI detector check is valid when the evidential breath testing instrument detects RFI or aborts a subject test. If the RFI

detector check is not valid, the instrument shall not be used until the instrument is serviced.

**{¶18}** "(2) An instrument shall be checked using a solution containing ethyl alcohol approved by the director of health. An instrument check result is valid when the result of the instrument check is at or within five one-thousandths (0.005) grams per two hundred ten liters of the target value for that approved solution. An instrument check result which is outside the range specified in this paragraph shall be confirmed by the senior operator using another bottle of approved solution. If this instrument check result is also out of range, the instrument shall not be used until the instrument is serviced or repaired."

**{¶19}** The trial court, in its decision granting Appellee's suppression motion, held:

**{¶20}** "The pertinent requirement is contained in subsection (A), which requires the instrument check to be performed at anytime up to one hundred ninety-two hours after the last instrument check. One hundred ninety-two hours is equivalent to eight days. Therefore, the last RFI check before the one performed by Tpr. Eitel on December 17, 2012 at 2:08 a.m. must have been done no earlier than 2:08 a.m. on December 9, 2012. Because Tpr. Thaxton did not appear and testify as to the time he conducted the RFI test in question, the Court must determine, with appropriate guidance from the documents submitted by the State, exactly when it was done. While there is an addendum dated December 10, 2012 stating that all instrument checks were done in accordance with OAC 3701-53-01, nowhere in the addendum does it state with specificity on what date the checks were done. Further, the addendum is not a sworn

statement, nor even a document created by the Director of the ODH. With or without Tpr. Thaxton's live testimony, the Court still must hold the State to its burden to show substantial compliance with the ODH regulations.

{¶21} "The Court must look to the printout itself in the absence of sufficient corroborating testimony regarding when the RH check was performed. It is dated December 9, 2012 and the time is 12:01 a.m. The next RFI check was performed on December 17, 2012 at 2:08 a.m. That is more than one hundred ninety-two hours later. Accordingly, the State has failed to establish substantial compliance with the ODH regulations."

{¶22} Upon review, and for the reasons set forth by the trial court, we find that the State failed to establish that it substantially complied with Ohio Adm.Code 3701–53–04(A).

{¶23} Appellant's sole Assignment of Error not well-taken and hereby overruled.

{¶24} For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is affirmed.

By: Wise, J.
Hoffman, P. J., and
Delaney, J., concur.

/s/ John W. Wise_____
HON. JOHN W. WISE

/s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

/s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

JWW/d 0827

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JULIA K. BOSS | : | |
| | : | |
| Defendant-Appellee | : | Case No. 13 CA 22 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio, is affirmed.

Costs assessed to Appellant.


/s/ John W. Wise_____
HON. JOHN W. WISE


Hon. William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


/s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY