O’Neill, J.,
dissenting.
{¶ 40} Respectfully, I must dissent.
{¶41} One man lies dead and another man faces a lengthy prison term if convicted of drunk driving. This is no time to be treating the rules regarding admissibility of evidence lightly. They are designed to guarantee, as much as possible, the accuracy of test results that are being admitted to help either convict or acquit a citizen charged with a very serious crime.
{¶ 42} The Ohio State Highway Patrol does not write the rules for admissibility of evidence in the state of Ohio. The General Assembly enacted a statutory standard for determining admissibility of results of blood and urine tests. R.C. 4511.19(D)(1). The statute calls on the experts at the Ohio Department of Health (“ODH”) to adopt “satisfactory techniques or methods” for testing bodily substances for alcohol or drugs of abuse. Id. and R.C. 3701.143. This court then made it relatively easy to have the results of these tests admitted into evidence by allowing substantial compliance with the rules rather than requiring strict compliance. State v. Mayl, 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216, paragraph one of the syllabus.
{¶ 43} Starting with State v. Steele, 52 Ohio St.2d 187, 370 N.E.2d 740 (1977), this court has been scrupulous in safeguarding the rights of the accused while at the same time recognizing the impossibility of requiring strict compliance in these matters. In Steele, the court permitted the results of a breathalyzer test to be admitted despite a minor deviation from the 20-minute rule for observation of an accused before the administration of a breath test. In that case, the police officer did not observe the accused during the time it took the officer to exit his vehicle and walk around to the front passenger door. Id. at 187. We later cited Steele, stating, “[T]here is leeway for substantial, though not literal, compliance” with the ODH regulations. State v. Plummer, 22 Ohio St.3d 292, 294, 490 N.E.2d 902 (1986). I can readily agree that “strict compliance is not always realistically or humanly possible.” Id. As a result of the practical impossibility of requiring strict compliance with the rules, we have lowered the evidentiary standard for admitting scientific test results in drunk-driving cases well below the standard for scientific test results used in virtually any other proceeding in Ohio.
*467 Nicholas A. Iarocci, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, for appellant.
William P. Bobulsky, for appellee.
Michael DeWine, Attorney General, and Eric E. Murphy, State Solicitor, and Peter T. Reed, Deputy Solicitor, urging reversal for amicus curiae state of Ohio.
John Murphy, Executive Director of Ohio Prosecuting Attorneys Association; and Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Brett Hammond and Daniel T. Van, Assistant Prosecuting Attorneys, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.
{¶ 44} But today, the majority treats the substantial-compliance standard as a license to ignore the ODH regulations altogether. The ODH regulation at issue, Ohio Adm.Code 3701-53-05(F), clearly and unequivocally requires refrigeration of the sample when it is not in transit or under examination. And in this ease, the sample was left unrefrigerated for over four hours when it was not in transit or under examination. It is outrageous that the General Assembly assigned to experts the task of setting rules to ensure that accurate test results are admitted in drunk-driving cases only to have the rules ignored by an Ohio State Highway Patrol trooper because, according to the trooper, “[tjhat’s not a procedure of [the Ohio State Highway Patrol’s].”
{¶ 45} In the matter before us, the state, and apparently the majority, are. now ready to accept that a total failure to comply equates to substantial compliance. This defies logic. As Chief Justice O’Connor so accurately argues in her concurring opinion, it is time for the ODH to take another look at the rules. The courts could use some guidance in determining which procedures are important for obtaining accurate results and which are not. But under no circumstances is it the role of the Ohio State Highway Patrol to decide which of these rules must be complied with. A total failure to comply with the rules is not substantial compliance, and to hold otherwise is an assault on the English language.
{¶ 46} To be clear, a total failure to comply with the rules does not equate to substantial compliance. Justice requires this court to enforce the rules with consistency and logic.
{¶ 47} Respectfully, I dissent.