[Cite as *State v. Miller*, 2019-Ohio-805.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18-CA-35 |
| THOMAS J. MILLER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Fairfield County Municipal Court, Case No. TRC1709036

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      March 6, 2019

APPEARANCES:

For Plaintiff-Appellee

MITCHELL HARDEN
City of Lancaster
Assistant City Prosecutor
136 W. Main Street
Lancaster, OH 43130

For Defendant-Appellant

SCOTT WOOD
120 E. Main St.
Suite 200
Lancaster, OH 43130

*Gwin, P.J.*

{¶1} Appellant, Thomas J. Miller ["Miller"] appeals the February 8, 2018 judgment of the Fairfield County Municipal Court overruling his motion to suppress.

*Facts and Procedural History*

{¶2} On July 29, 2017, Trooper Jonathan Drake of the Ohio State Highway Patrol initiated a traffic stop of a vehicle driven by Miller. After a DUI[1] investigation, Trooper Drake arrested Miller for OVI[2]. Miller provided a urine sample at 3:17AM. Trooper Drake placed the sample into the trunk of his cruiser where it remained until it was placed into a UPS drop box at 6:00AM. It is undisputed that the urine sample remained unrefrigerated for a period of approximately 2 hours and 45 minutes.

{¶3} Miller was later charged with an OVI based on impairment, in violation of R.C. 4511.19(A)(1)(a), an OVI based on the urine test results, in violation of R.C. 4511.19(A)(1)(e), and reckless operation, in violation of R.C. 4511.20. Both OVI citations were for a second OVI within 10 years.

{¶4} On September 6, 2017, Miller filed a motion to suppress the urine test results based on non-compliance with the Ohio Department of Health Regulations regarding urine alcohol testing. Miller, through counsel, limited his motion to non-compliance with the regulations concerning the refrigeration of the urine sample. T., Jan. 19, 2018 at 4-5.

{¶5} On January 19, 2018, an oral hearing was held on Miller's motion to suppress. By Judgment Entry filed February 8, 2018, the trial court ruled that Trooper Drake demonstrated substantial compliance with the Ohio Administrative Code regarding

---

[1] Driving while under the influence of alcohol or drugs. *See,* R.C. 4511.19
[2] Operating a vehicle while under the influence of alcohol or drugs.

his collection and handling of Miller's urine sample. The court overruled Miller's motion to suppress.

{¶6} On March 6, 2018, Miller entered a No Contest plea to OVI under R.C. 4511.19(A)(1)(a).

{¶7} On March 28, 2018, Miller filed his original notice of appeal in 5th Dist. Fairfield Case No. 18 CA 12. On May 30, 2018, Miller filed a Motion to Withdraw Guilty Plea after Sentencing with the trial court[3]. The state filed a Memorandum Contra Defendant's Motion to Withdraw Guilty Plea after Sentencing on the same day.

{¶8} On June 11, 2018, the trial court found that it did not have jurisdiction over the matter as it was currently on appeal with this Court. On June 12, 2018, Miller filed a motion with this Court to dismiss his appeal. By Judgment Entry filed June 12, 2018, this Court granted Miller's motion and dismissed his appeal.

{¶9} On June 14, 2018, Miller filed a second Motion to Withdraw Guilty Plea after Sentencing. The state filed a Memorandum Contra Defendant's Motion to Withdraw Guilty Plea after Sentencing on June 19, 2018.

{¶10} On June 22, 2018, the trial court, over the state's objection, found that there would be a manifest injustice if Miller's original plea were not set aside. The matter was then set for a plea hearing so that Miller could enter a plea to OVI under R.C. 4511.19(A)(1)(e) to allow Miller to pursue an appeal of the trial court's overruling of his motion to suppress.

---

[3] Miller argued in his Motion that he pleaded "no contest"; however, the trial court's Judgment Entry filed Mar. 6, 2018 incorrectly reflected that he had pled "guilty." Miller further argued that his plea should have been to the R.C. 4511.19(A)(1)(e) offense to allow Miller to pursue an appeal of the trial court's ruling concerning the motion to suppress, not R.C. 4511.19(A)(1)(a)as reflected in the trial court's entry.

{¶11} On July 20, 2018, Miller entered a No Contest plea to OVI under R.C. 4511.19(A)(1)(e). The trial court's Judgment Entry reflecting Miller's no contest plea and the trial court's finding of guilt was filed July 25, 2018.

*Assignment of Error*

{¶12} Miller raises one assignment of error,

{¶13} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS."

*Law and Analysis*

{¶14} In his sole assignment of error, Miller argues the trial court should have suppressed the results of the urine test for lack of substantial compliance with Ohio Department of Health (ODH) regulations as set forth in Ohio Administrative Code (OAC) 3701–53–05(F).

**STANDARD OF APPELLATE REVIEW**

{¶15} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist.1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist.1996). However, once this Court has accepted those facts as

true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); See, generally, *United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review *Ornelas*, supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas*, supra at 698, 116 S.Ct. at 1663.

**ISSUES FOR APPEAL.**

A. Whether the results of the urine-alcohol test were administered in substantial compliance with Ohio Adm.Code 3701-53-05.

**{¶16}** The regulation in question—Ohio Adm.Code 3701–53–05(F) is clear about what is required when the state decides to obtain a blood or urine sample from persons in this state. It states, "While not in transit or under examination, all blood and urine specimens shall be refrigerated."

**{¶17}** In *State v. Baker,* the Ohio Supreme Court held,

Our decisions in *Plummer* [22 Ohio St.3d 292, 490 N.E. 2d 902(1986] and *Mayl* [106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216] are instructive on the question of substantial compliance with Ohio Adm.Code 3701–53–05(F) and establish that the state's error in failing to refrigerate a specimen *for four to five hours before placement of the specimen in transit to a laboratory for analysis is a de minimis error and does not render the test results inadmissible.*

146 Ohio St.3d 456, 2016-Ohio-451, 58 N.E.2d 114, ¶26 (emphasis added). In the case at bar, the parties agree that Miller's sample was unrefrigerated for 2 hours and 45 minutes. [Appellant's Brief at 1; 3; Appellee Brief at 7; 8]. Pursuant to *Baker,* we find this period to be a *de minimis* error and does not render the test results inadmissible.

B. Whether Miller has been prejudiced in any way by the state's failure to comply with the literal requirements of the administrative regulation regarding refrigeration of a urine specimen.

{¶18} In the case at bar, the state met its burden of going forward with the evidence that it substantially complied with regulations prescribed by the director of health in the Ohio Administrative Code. Therefore, a presumption of admissibility arises, and the burden then shifts back to the defendant to rebut the presumption by demonstrating prejudice from the state's failure to strictly comply with the applicable regulations in the Ohio Administrative Code. *Baker,* 146 Ohio St.3d 456, 2016-Ohio-451, 58 N.E.2d 114, ¶23.

{¶19} Miller has "not alleged at any stage of this proceeding, much less demonstrated, that he has been prejudiced in any way by the state's failure to comply with the literal requirements of the administrative regulation regarding refrigeration of a urine specimen. [Miller] simply has not demonstrated that this failure even affected the results of his urinalysis, much less that any failure to comply resulted in error detrimental to him." *State v. Plummer,* 22 Ohio St.3d 292, 295, 490 N.E. 2d 902(1986).

{¶20}  Miller's First Assignment of Error is overruled.

{¶21} The judgment of the Fairfield County Municipal Court is affirmed.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur